### STATE OF MAINE *vs.* DAVID H. CORSON.

*Perjury—indictment for. Constitutional law.*

The legislature did not exceed its constitutional power in prescribing in R. S. c. 122, § 4, the form of an indictment "for committing perjury before any court or tribunal."

An indictment drawn in accordance with the form prescribed is good; and it need not be distinctly alleged that the words set forth as the testimony given were false.

ON EXCEPTIONS.

The defendant was charged with committing perjury by an indictment of the following tenor, omitting the simply formal parts:

"The jurors for the State aforesaid, upon their oaths present,

that David H. Corson, of Athens, in the county of Somerset, and State of Maine, at Norridgewock, in the said county of Somerset, on the twenty-fourth day of September, in the year of our Lord, eighteen hundred and seventy, appeared as a witness in a proceeding in which Timothy Eaton and David H. Corson were parties, then and there being heard before a tribunal of competent jurisdiction, and committed the crime of perjury, by testifying as follows : I (meaning the said David H. Corson), gave the note on which this suit was brought (meaning the suit or proceeding in which the said David H. Corson was then testifying), to Caroline Noyes, for two hundred dollars, on Sunday.   I (meaning the said David H. Corson), executed and delivered the note (meaning the note above described), and received said money on Sunday.   The note (meaning the note above described), was not dated the day I (meaning the said David H. Corson), executed and delivered it (meaning said note), to Caroline Noyes.   There was no person or persons in the room when I (meaning the said David H. Corson), gave Caroline Noyes the note,I (meaning the said David H. Corson), am testifying concerning excepting myself (meaning the said David H. Corson), Cyrus Corson my son, and Caroline Noyes ; which said testimony was material to the issue then and there pending in said proceeding, against the peace of said State," etc.

The defendant having first obtained leave to plead anew, demurred to the indictment, and the demurrer was joined.   The presiding judge overruled the demurrer and adjudged the indictment sufficient ; whereupon the defendant alleged exceptions.

*T. B. Reed,* attorney-general for the State.   .

*J. H. Webster,* for the defendant, contended that the statute, on which the indictment was based, is in contravention of the common law, and should not be extended by construction.

By the common law every material fact which serves to constitute the offense charged should be alleged, with precision and certainty, as to time and place.   *State* v. *Thurston,* 35 Maine, 205 ; *State* v. *Baker,* 34 Maine, 52 ; *State* v. *Hanson,* 39 Maine, 337 ; *State* v. *Plummer,* 50 Maine, 217.

" Alleged to be false " require that the testimony set out be alleged to be false. It was necessary at common law, and the statute does not do away with the necessity. Archb. Cr. Pl. 570, 571.

Every allegation may be true and no crime committed.

It is not alleged that any oath was administered. The form requires that there should be " set out the matter sworn to."

An allegation that the defendant " willfully and corruptly" swore falsely, R. S. c. 122, § 1; for although the testimony was on oath and false, yet, if not willful and corrupt, perjury was not committed. 1 Hawk. 669, § 2.

KENT, J. The respondent demurs to the indictment against him for perjury. It is very clear that the indictment is bad in many particulars, if considered under the old rules of the common law, or of our former practice and decisions. Indeed, the criminal pleader found great difficulty in so framing an indictment for perjury, that it could stand the searching examination and technical objections thereupon raised by astute counsel. And the records in all the States show that it had become extremely difficult to pursue a perjurer to final judgment and sentence, however clear his guilt, or however atrocious his crime.

In 1865, our legislature undertook to simplify the form of proceedings for this offense, and to give a form of an indictment " against persons for committing perjury before any court or tribunal," declaring that one " drawn substantially as therein set forth, shall be deemed sufficient in law." Then follows a form, which is adopted in the case at bar, in all particulars, except in the words included in brackets. It is in reference to one of the sentences in brackets that the question arises.

The form given declares that the accused appeared as a witness in a case between parties named, then and there being heard before a tribunal of competent jurisdiction, and committed the crime. of perjury, by testifying as follows. The form then contains in brackets these words [" here set out the matter sworn to and alleged to be false "], and concludes as follows,—which said testimony was ma-

terial to the issue then and there pending in said proceeding, against the peace, etc.

It is objected that there is no averment in this indictment that the words set forth as the testimony given were false ; and it is urged that the falsity of the words is the essence of the offense. It is undoubtedly true that it is one essential element. The government reply to this, that the averment that he " committed perjury by testifying as follows,"—giving his language is, in fact, a sufficient averment that the words were not true. He could not commit the crime of perjury by testifying in those words, unless they were false.

The object, evidently, of the legislature was to simplify and reduce the essential allegations to the fewest possible particulars, retaining the charge of a distinct offense. This court, in *State* v. *Learned*, 47 Maine, 426, has recognized and admitted the right of the legislature " to modify or simplify the forms in criminal proceedings, provided the essential matters which clearly set forth an offense, and which, being proved, constitute the offense," are retained. But " the legislature cannot dispense with the requirement of a distinct presentation of an offense against law." That case simply declares that a man cannot, under the constitution, be compelled to answer to a complaint for acts not presented, either generally or specifically, in a written accusation. Otherwise, the absurd record would be presented of a case where a person is sentenced to punishment for matters which, on the face of the record, show no offense against the law." Such a record would be no defense against another indictment for any crime.

The question then is, whether this indictment charges distinctly the crime of perjury ? It certainly does not contain the allegations of the several particulars which make up the offense as defined by the statute or by the common law. But the respondent is distinctly charged with having " committed the crime of perjury by testifying as follows,"—in a matter between two parties named, before competent tribunal, and that the testimony was material to the a issue.

The crime of perjury is thus defined in the statute, R. S. of 1857, c. 122, § 1 : "Whosoever, when required to tell the truth on oath or affirmation lawfully administered, willfully and corruptly swears or affirms falsely to any material matter in a proceeding before any court . . . is guilty of perjury."

The insertion of the allegation alone, that the testimony was false, would not be sufficient to cover the whole definition. That embraces the essential point, that the testimony was given "willfully and corruptly." And the fact that an oath was administered lawfully must also be proved. So that it would not make this indictment sufficient, before this statute, if it had alleged that the words spoken were "false." They might be untrue, and yet it might not be perjury in a witness using them. He must use them, knowing them to be false, and willfully and corruptly.

The whole matter thus resolves itself into this question,—Does the allegation that the party charged has committed perjury, *ex vi termini*, import and charge all the particulars, which by law constitute that crime.

When a person is charged with having committed the crime of perjury, in testimony, as a witness, which is fully set out, given on the trial of a case, between parties named, on a particular day stated, before a competent tribunal, on matters material to the issue, he is thereby directly charged with all that goes to make up the offense. He could not be found guilty of the perjury charged until evidence is produced which proves him guilty of every particular embraced in the definition of perjury.

Such an indictment gives sufficient notice to the accused of "the nature and cause of the accusation against him" required by the constitution. It is also sufficiently distinct as to time, place, and language, to protect the respondent from being "twice put in jeopardy for the same offense."

It is objected further, that the form itself contains a requirement that there should be a distinct averment that the testimony was false. In the form, following the words "committed the crime of perjury, by testifying as follows," are these words included in

brackets, ["here set out the matter sworn to and alleged to be false"].

Words within brackets are not regarded as in themselves a part of the prescribed form. They are generally merely indicative of the place where certain matters, which are peculiar to the particular case in which the form is to be used, but not general or applicable to all cases, are to be inserted.

In this form the words within brackets, above quoted, do not necessarily require a new and distinct affirmation that the words were false, but may as well refer to the allegation of falsehood embodied and embraced in the word "perjury," before used. If the legislature had intended that the form should require a distinct allegation of falsehood, it would doubtless have inserted it in the body of the form, in the same manner as it has the allegation of materiality and other matters. But it is hardly to be presumed that it was their intention to insert simply an allegation of falsehood, which, as we have seen, would not, alone, have included the essential elements of perjury.

We have heretofore decided that an indictment charging that the respondent, at a time and place named, " did keep a drinking-house and tippling-shop," was sufficient. *State* v. *Casey*, 45 Maine, 435. The court in Massachusetts gave a similar decision in *Commonwealth* v. *Ashley*, 2 Gray, 356. In the latter case it is said that " We are of opinion that this is a case in which an indictment so framed is sufficient; because no allegation of anything more than those words import, *ex vi terminorum*, is necessary in order to show that the defendant has committed the statute offense."

We conclude that the legislature has not exceeded its constitutional power in prescribing this simpler form of an indictment; and that this indictment contains all that the form they established requires.          *Exceptions overruled.   Indictment adjudged good.*

*Case, as by agreement, to stand for trial.*

APPLETON, C. J.; CUTTING, BARROWS, DANFORTH, and TAPLEY, JJ., concurred.