STATE OF MAINE *vs.* GEORGE H. MACE.

Hancock. Opinion March 4, 1884.

*Indictment. Perjury. Constitutional law. R. S., c. 122, § 5.*

An indictment in which the defendant is charged with having committed the crime of perjury " by falsely swearing to material matter in a writing signed by him," is insufficient, even after verdict of guilty.

The legislature cannot make valid and sufficient an indictment in which the accusation is not set forth with sufficient fullness to enable the accused to know with reasonable certainty what the matter of fact is, which he must meet, and enable the court to see, without going out of the record, that a crime has been committed.

The form of an indictment for perjury prescribed in R. S., c. 122, § 5, is not sufficient to meet the requirements of the constitution.

ON EXCEPTIONS.

Indictment for perjury. The verdict was guilty. A motion in arrest of judgment stated as one reason: "Because said indictment does not sufficiently charge an offence against the

respondent under the constitution and laws of the State of Maine." The motion was overruled and exceptions were taken to that ruling.

The indictment was in the form prescribed by R. S., 1871, c. 122, § 5.

*George P. Dutton,* county attorney, for the State, cited : R. S., c. 122, § 5 ; *State* v. *Corson,* 59 Maine, 137.

*H. D. Hadlock,* for the defendant, cited : 2 Whar. Crim. L. § § 2200, 2198, 2234, 2236, 2237, 2243, 2263, 2255, 2616 ; R. S., c. 122, § 1 ; Constitution, Art. 1, § 7 ; 2 Arch. Crim. Pr. 1723–4, 1725, 1727–8, 1735 ; 2 Bish. Crim. Pro. § § 846, 852, 853, 856, 858 ; *Com* v. *Knight,* 12 Mass. 274 ; *Rex* v. *Richards,* 7 D. & R. 665 ; 1 Whar. Crim. L. § § 264, 285, 288, 372 ; 1 Bish. Crim. Pro. § § 277, 301, 362, 363 ; 1 Arch. Crim. Pr. 275–6 ; *State* v. *Corson,* 59 Maine, 141 ; Bish. Crim. Pro. (3d ed.) § § 86, 89, 311, 519–521, 618.

WALTON, J. The defendant is charged with having committed the crime of perjury "by falsely swearing to material matter in a writing signed by him." The indictment makes no mention of the character or purpose of the writing. Nor does it state what the matter falsely sworn to was. Nor does it contain any averments which will enable the court to determine that the oath was one authorized by law. The question is whether such an indictment can be sustained. We think it can not. It does not contain sufficient matter to enable the court to render an intelligent judgment. The recital of facts is not sufficient to show that a crime has been committed. All that is stated may be true, and yet no crime have been committed. The character of the writing is not stated, nor its purpose ; nor the use made, or intended to be made, of it. For aught that appears, it may have been a voluntary affidavit to the wonderful cures of a quack medicine. Such an affidavit, as every lawyer knows, could not be made the basis of a conviction for perjury. In the language of our statute defining perjury, it is only when one who is required to tell the truth on oath or affirmation lawfully administered, wilfully and

corruptly swears or affirms falsely to material matter, in a proceeding before a court, tribunal or officer created by law, that he is guilty of perjury. R. S., c. 122, § 1. The oath must be one authorized or required by law, to constitute perjury. Swearing to an extra judicial affidavit is not perjury. And the indictment must contain enough to show that the oath was one which the law authorized or required, or it will be defective and clearly insufficient, even after verdict; for the verdict will affirm no more than is stated in the indictment; and if the indictment does not contain enough to show that perjury has been committed, a verdict of guilty will not aid it. We think the indictment in this case is fatally defective in not setting out either the tenor or the substance of the writing sworn to by the accused, to the end that the court might see whether it was one in relation to which perjury could be committed.

Besides, the writing referred to in the indictment may (and it would be strange if it did not) contain more than one statement in relation to matters of fact. The grand jury, upon the evidence before them, may have come to the conclusion that the statement in relation to one of these matters of fact was false, and thereupon voted to indict the defendant, while the traverse jury, upon the evidence before them, may have come to the conclusion that the statement in relation to that matter was true, but that some other statement contained in the writing was false, and thereupon convicted the defendant of perjury in swearing to the latter statement; and thus the defendant would be convicted upon a matter in relation to which he had never been indicted by the grand jury. Surely, an indictment which will permit of such a result can not be sustained.

True, the form followed in this case is one established by legislative authority. But the authority of the legislature in such cases is limited. Undoubtedly the legislature may abbreviate, simplify, and in many other respects modify and change the forms of indictments; but it can not make valid and sufficient an indictment in which the accusation is not set forth with sufficient fullness to enable the accused to know with reasonable certainty what the matter of fact is which he has got to meet,

and enable the court to see, without going out of the record,. that a crime has been committed. This the constitution of the state forbids; and to that instrument, the legislature as well as all other tribunals, must conform. The authority of the legislature in this particular, and the extent to which it may go in establishing forms, has been judicially determined in this state, and the arguments, pro and con, need not be repeated here. We refer to *State* v. *Learned*, 47 Maine, 426.

The common law required indictments for perjury to be drawn with great nicety and fullness — more so, it is believed, than the purposes of justice required — and the result was that but few such indictments proved to be sufficient when subjected to a close and searching examination. To avoid this inconvenience, the legislature, in 1865, enacted two forms, which it declared should be sufficient. The first related to perjury committed by persons testifying orally before some court or other tribunal, and, although much briefer than would have answered by the strict rules of the common law, it was held sufficient in *State* v. *Corson*, 59 Maine, 137. The second related to perjury committed in swearing to some writing in relation to which an oath is authorized or required by law; and the sufficiency of this latter form is now for the first time before the law court for consideration; and, for the reasons already stated, and to be found more fully stated in the case cited (*State* v. *Learned*, 47 Maine, 426), we are forced to the conclusion that it is not sufficient; that the legislature, in its laudable desire to prune away the great prolixity of the forms required by the common law, cut too deep, and did not leave enough to meet the requirements of the constitution of the state.

*Exceptions sustained*.
*Judgment arrested*.

PETERS, C. J., DANFORTH, VIRGIN and LIBBEY, JJ., concurred.