In the Matter of the OPENING and ESTABLISHING of THIRTY-NINTH STREET from PROSPECT AVENUE to TOPPING AVENUE. AMANDA E. GOSNELL, Interpleader, Appellant, v. THOMAS H. BROUGHAM, Interpleader, Respondent.

Kansas City Court of Appeals, April 5, 1915.

1. **EQUITY: Interpleader: Claims Inconsistent with Past Conduct.** Appellant and respondent were compelled to interplead for a fund paid into court as damages for a strip of land taken for a street. Appellant's right to the fund depends upon her claim that a sheriff's deed made in 1875 to her husband's land passed no title. She supported this claim by showing that shortly prior to the judgment her husband acquired a homestead in the land. But she took a deed from the purchaser at the sheriff's sale, in which deed the strip in question was carefully excepted, and thereafter respondent bought said strip from said purchaser at the sheriff's sale, and went into possession thereof and has remained in possession ever since. And appellant, upon receiving her deed, built a fence between her land and the strip in question which has been maintained ever since, and appellant made no claim to the strip nor objection to respondent's use and occupation thereof, either then or during the years after she became discover by the death of her husband. *Held* that her present claim that the sheriff's deed passed no title is so inconsistent with her acts and conduct, and has been asserted so late as to justify the chancellor in holding that the sheriff's deed must have passed title. To establish that it did not, appellant should have shown not only that her husband had a homestead in the land at the time the judgment was rendered but also that he acquired the homestead prior to the time he contracted the debt on which the judgment was rendered.

2. ————: **Acquiescence: Silence: Laches.** Where appellant recognized the validity of a judgment by taking a deed from a purchaser at a sheriff's deed under said judgment, and in which

deed to appellant the strip in question was excepted; and appellant thereby allowed respondent to purchase said strip and to use and occupy same, and no objection was made thereto or claim asserted to the land until years after she became discovert by the death of her husband, the chancellor will not look with favor upon a claim asserted at this late day so inconsistent with the position all parties took at a time so remote that the facts concerning the transaction have been obscured by the lapse of years.

Appeal from Jackson Circuit Court.—*Hon. Wm. O. Thomas*, Judge.

AFFIRMED.

*Strother & Campbell* for appellant.

(1) The sheriff's sale and deed thereunder are null and void, and did not pass any title, the land being a homestead of the execution debtor. Statutes of Missouri, 1865, sections 1 and 2, chapter 3, page 450; Creech v. Childers, 156 Mo. 338; Boyles v. Cox, 153 Mo. 242, 250; Ratliff v. Graves, 132 Mo. 76; Macke v. Byrd, 131 Mo. 682, 688; White v. Spencer, 217 Mo. 242. (2) It is mandatory on the sheriff that he notify the homesteader of his exemption rights. Stinson v. Call, 163 Mo. 323, 331; Sharp v. Stewart, 185 Mo. 518; State ex rel. v. Dickman, 125 Mo. App. 653, 658. (3) Occupancy is prima-facie evidence to the officer of a homestead, and no further act by the homesteader is necessary. St. Louis Brewing Assn. v. Howard, 150 Mo. 445, 451; Peake v. Cameron, 102 Mo. 568. (4) The fact that W. A. Gosnell had sold his homestead before levy of the execution makes no difference. Guinan v. Donnell, 201 Mo. 173, 212; Grimes v. Portman, 99 Mo. 229; Holland v. Kreider, 86 Mo. 59; Davis v. Land, 88 Mo. 436, 439; State ex rel. v. Mason, 88 Mo. 222, 228; Bank v. O'Donnell, 156 Mo. App. 212. (5) Under the evidence appellants showed absolute title under the ten year Statute of Limitations. Allen v. Mansfield, 82 Mo. 688, 693; Scennell v. Soda Fountain Company,

161 Mo. 606, 618; Kirton v. Bull, 186 Mo. 622, 633.    (6).
Under the thirty year Statute of Limitations respon-
dent failed to show any title.    Crain v. Peterman, 200
Mo. 295, 298; Dunnington v. Hudson, 217 Mo. 93, 101;
D'Hater v. Edmonds, 200 Mo. 246, 278.    (7)  The acts
of user mentioned by respondent to show acts of pos-
session were trespasses or at best mere licenses.    Crain
v. Peterman, 200 Mo. 295, 298; Nye v. Alfter, 127 Mo.
529, 537; Pharis v. Jones, 122 Mo. 125; Harbst v.
Merrifield, 133 Mo. 267, 270-71; Lumber Co. v. McCabe.
220 Mo. 180.    (8)  Dedication does not pass the fee,
but only an easement.    In Cummings v. St. Louis, 90
Mo. 259.    (9)  The interpleader showing no legal right
to the fund is not concerned with what the court does
with it.    Conductor v. Koster, 55 Mo. App. 186, 195;
McFarland v. Creath, 55 Mo. App. 112.

*Mord M. Bogie* and *John T. Wayland* for respond-
ent.

(1)  The judgment of Rogers and Peak against
W. A. Gosnell being based upon a contract entered
into June 18, 1868, the fact that the property acquired
by W. A. Gosnell in October, 1868, was used as a home-
stead did not entitle him to hold the same exempt un-
der the Homestead Act.    Sec. 6711, R. S. of Mo. 1909;
O'Shea v. Payne, 81 Mo. 516; Bunn v. Lindsey, 95 Mo.
250; Barton v. Walker, 165 Mo. 25; Holland v. Rongey,
168 Mo. 16; Acreback v. Myer, 165 Mo. 689.    (2)  It
was not necessary for the sheriff to set off Gosnell's
exemptions.    The sheriff's deed to Green, even had it
been absolutely void, was sufficient to give color of title.
Dennington v. Hudson, 217 Mo. 100.    (3)  Pos-
session of a part of a tract of land under color
of title in the name of the whole tract shall be deemed
possession of the whole.    Sec. 1882, R. S. of Mo. 1909.
(4)  If the deed from the sheriff to Greene was void,
still the Statutes of Limitation have run against Mrs.

Gosnell's interests.   Shumate v. Snyder, 140 Mo. 84; Pharis v. Bayless, 122 Mo. 124; Mansfield v. Pollock, 44 Mo. 185.

TRIMBLE, J.—Kansas City, in establishing Thirty-ninth street from Prospect to Topping avenues, condemned two strips of land, each twenty feet wide, lying immediately alongside, and on the north of, the east and west center line of section 22, township 49, range 33, in Jackson county, Missouri.   One of said strips was off the south side of the southeast quarter of the northwest quarter of said section 22, and the other strip was off the south side of the west twenty acres of the southwest quarter of the northeast quarter of said section.   The damages awarded for said strips aggregated $1026.   As both appellant and respondent claimed this money, Kansas City paid it into court in the condemnation proceeding, and compelled them to interplead therefor.   They did so, and after a trial before the court, judgment was rendered for interpleader Brougham.   Mrs. Gosnell, the other interpleader has appealed.

William A. Gosnell was the common source of title. He acquired the east half of the nothwest quarter and the west half of the northeast quarter of said section 22 on October 3, 1868.   In March, 1869, he moved upon said land and resided there with his family.

On April, 21, 1873, judgment was rendered in the circuit court of Jackson county, Missouri against said Gosnell, and an execution was issued thereon August 13, 1875, under which said land was sold at Sheriff's sale to Joseph M. Greene.

On May 13, 1875, Gosnell and his wife executed a deed to the east half of the northwest quarter of section 22 and twenty acres off the west side of the west half of the northeast quarter of said section to Joseph A. Gosnell.   And three days later Joseph A. Gosnell made a deed to the land back to William A. Gosnell's

wife, Amanda E. Gosnell, the appellant herein. This deed was not recorded until February, 1884.

On December 17, 1875, Amanda E. Gosnell, appellant herein, obtained a deed from Joseph M. Greene, purchaser at the sheriff's sale, conveying to her the east half of the northwest quarter, and twenty acres off the west side of the west half of the northeast quarter of said section 22, *except twenty feet off the south side of all of said land.* (This south twenty feet covers and includes the twenty foot strip the proceeds of which are in controversy).

On May 15, 1876, Joseph M. Greene executed a deed to Thomas H. Brougham, respondent herein, conveying to him the twenty feet now in controversy and which Greene had so carefully excluded from his deed to Mrs. Gosnell.

After Mrs. Gosnell obtained the deed from Joseph M. Greene, which excepted the twenty-foot strip in question, and after respondent Brougham had obtained his deed from Greene to said twenty-foot strip, the Gosnells erected a fence between their land and said twenty-foot strip, and Brougham entered upon the latter, cut down some trees thereon and prepared it as a roadway for a house he had on his land south of and adjoining the strip. If the Gosnells were not conceding that Brougham owned and had title to said strip, it is inconceivable why they should build a fence between it and the rest of their land and make no objection to Brougham's acts of ownership over and use of said strip. Brougham has continued to use said strip ever since he got it, as a passway from the house referred to and six other houses he afterwards built on said land; and the fence on the north side of said strip has been maintained ever since and is now in place. So that said strip has been used by Brougham continuously from the time he got it until now. During that time none of the Gosnells made any claim asserting title to said strip until after the city, in the condemnation pro-

ceeding, had said it did not know whether it belonged to Mrs. Gosnell or to Brougham, and thereupon the former interpleaded for it as did the latter. There is a strong dispute between the parties as to what the evidence shows, the appellant claiming that she was in possession and that respondent was not, while respondent claims that he was in possession and has continued therein down to the time it was taken by the city. But the evidence of witnesses on both sides is that the fence between the Gosnell land and the strip in question was and has been there as stated above. And, adopting appellant's contention that this interpleader proceeding is in equity, thereby giving us the right to pass on and weigh the testimony, we are satisfied that the other evidence shows the facts to be as stated. So that if the judgment under which Greene purchased at Sheriff's sale was sufficient to enable that deed to pass title, then clearly respondent Brougham is entitled to the money the city has deposited in court in payment for said land.

But appellant insists that said judgment was not effective to pass any title under the Sheriff's deed because it attempted to convey land that was the debtor's homestead at the time, and that respondent has not shown, as he claims to have done, that the debt for which the judgment was rendered was contracted by Wm. A. Gosnell on July 18, 1868, and therefore, prior to his acquisition of said homestead. We may agree with appellant that respondent has not shown that Gosnell contracted the debt, on which the judgment was based, on July 18, 1868, since respondent's claim that such is the fact rests upon the statement to that effect in the two decisions of the Supreme Court of Missouri in the case of Rogers and Peak against William A. Gosnell in which the judgment was rendered. [See the reported cases of Rogers et al. v. William A. Gosnell, 51 Mo. 466, l. c. 468 and said case in 58 Mo. 589.] It is true that fact is stated by the Supreme Court in

affirming the very judgment under which the land was sold and that it was a judgment binding upon Gosnell, under whom Mrs. Gosnell claims by mesne conveyances, but it does not follow from this that such statement is evidence of that fact in this proceeding. The exact date of the contract was not vital and necessary to the existence of the judgment though it was exceedingly vital to the efficacy of the judgment to affect the land.

But, under the circumstances of this case and by reason of its nature, it does not follow that appellant has established his right to the fund, or that the chancellor erred in awarding it to respondent. The latter showed that he purchased from Greene after appellant had taken a deed from Greene to all of the land except the twenty feet which respondent bought. Greene was the purchaser of all the land at the Sheriff's sale. Appellant, therefore, allowed respondent to purchase said twenty feet under circumstances which on their face gave him a good title thereto. Not only did appellant do this, but she thereafter placed a fence between her land and the strip in question and made no claim to it nor objection to respondent's use thereof in the years that have elapsed since she became discovert by the death of her husband. These are facts which are consistent with the efficiency of the Sheriff's deed to pass title, and inconsistent with appellant's present claim that it did not. Respondent shows that he obtained an apparently good title which appellant recognized and acquiesced in, not only then but ever after. Appellant then attempts to show that the sheriff's deed passed no title although her subsequent conduct is wholly inconsistent with that idea. Her method of showing that the Sheriff's deed passed no title is by proving that a short while before the judgment was rendered her husband acquired a homestead in the land, but this would not render the judgment powerless to affect the land if the debt on which the judgment was

founded was contracted by the husband before the land became his homestead. So that appellant merely showed a situation under which the judgment may or may not have been a lien on the land, while her conduct has been such as to indicate that it was a lien. She accepted from Greene, the purchaser under said judgment, a deed which excepted the very land in question, and thereafter respondent bought it and exercised acts of ownership thereover which appellant never objected to in any way during the years that have elapsed since her husband's death. We think, in the light of these facts, it was incumbent upon her to go a step further and show not merely that perhaps the judgment did not affect the land, but that as a matter of fact it did not. The debt upon which the judgment was based must necessarily have been contracted prior to the commencement of the litigation which finally resulted in the judgment, so that there was much likelihood that it may have been contracted before the land became a homestead, and this becomes almost a certainty when the acts of the parties are considered.

It must be remembered that it is incumbent upon appellant to affirmatively prove her right to the money, in the light of her past actions and the equities in favor of respondent arising therefrom. A chancellor will not look with favor upon a claim made at this late day so inconsistent with the position all parties took at a time so remote that the facts concerning the transaction have been obscured by the lapse of years. [Ferguson v. Soden, 112 Mo. 208, l. c. 215; Kroening v. Goehri, 112 Mo. 641, l. c. 648; Loomis v. Missouri Pac. R. Co., 165 Mo. 469, l. c. 495; Burdett v. May, 100 Mo. 13.]

We think the decree of the learned chancellor was for the right party and should be affirmed. It is so ordered. All concur.