## STATE OF MAINE *vs.* ELLIS M. JONES.

### Piscataquis.    Opinion September 18, 1916.

*Arrest of judgment.    Continuando.    Evidence supporting indictment.*
*Forms of indictments.    Indictment as common seller of*
*intoxicating liquors.    Necessary allegations.*

The respondent was found guilty by the jury under an indictment charging
him as a common seller of intoxicating liquors on the first day of January,
1915, "and continually thereafter up to the day of the finding of this
indictment." On exceptions to the overruling of his motion in arrest of
judgment, and to the refusal to give certain instructions,

*Held:*

1.  That the averment as to the time when the offence was committed is
sufficient in law to constitute a good indictment.
2.  That it is not imperative that the Statute form of indictment should be
used.
3.  That the offence of being a common seller of intoxicating liquors may
be established by the acts of the party done on a single day.
4.  When, as in this case, the offence is alleged to have been committed on
a particular day "and continually thereafter up to the day of the finding
of this indictment" such allegation may be supported by proof of the
commission of the offence on the particular day named or during any
part of the period covered by the continuando.
5.  There was no error in the refusal to instruct the jury that the govern-
ment was bound to prove that the respondent was a common seller "without
reasonable cessation, unceasingly and continuously" during the entire
period named, and that the offence charged in the indictment "should be
construed to mean a sale of intoxicating liquors each and every day
between the dates set forth in the indictment."

Respondent indicted charged with being a common seller of
intoxicating liquors. After verdict of guilty, respondent filed
motion for arrest of judgment. Motion overruled. Respondent
filed exceptions to ruling of court and also to refusal of presiding
Justice to give certain requested instructions. Exceptions over-
ruled.

Case stated in opinion.

*James H. Hudson,* County Attorney, for State.

*L. G. C. Brown, and J. S. Williams,* for respondent.

SITTING:   SAVAGE, C. J., KING, BIRD, HALEY, PHILBROOK, JJ.

KING, J.   The respondent was found guilty by the jury under
an indictment charging him as a common seller of intoxicating
liquors, and he brings the case to this court on exceptions to the
overruling of his moion in arrest of judgment, and to the refusal
to give two requested instructions.

1.   In support of his motion in arrest of judgment he contends
that the indictment is bad because it avers that the offence was com-
mitted on the first day of January, 1915, "and continually there-
after up to the day of the finding of this indictment." We think
there is no merit in that contention.   The offence being a continu-
ing one was properly set out with a continuando, and the form of
words used in the indictment for that purpose was appropriate
and sufficient.   It covers a definite period of time, and there is no
uncertainty about it.   It is more definite than the allegation, "on
divers other days and times between that day and the time of
finding of this indictment," which has often been employed and
held sufficient in this and other states.   The form of words used
in alleging the continuando in the indictment in the present case
is quoted as an appropriate form of allegation in Bishop on Crim.
Procedure, Vol. 1, sec. 394.

The respondent claims, however, that the form of indictment
set forth in sec. 72, c. 29, R. S., which alleges the continuando in
the words "and on divers other days and times between" the par-
ticular day stated and the day of the finding of the indictment,
should have been used.   But it is not imperative that the statute
form of indictment should be used.   The Legislature did not so
provide.   It declared only that the "forms herein set forth  .   .   .
are sufficient in law."   The provision of the section that the aver-
ments in the forms set forth "are sufficient in law" does not pre-
clude the government from using other averments that are suf-
ficient in law to constitute a good indictment.   *State* v. *Reed,* 67
Maine, 127, 129.

2.   The offence of being a common seller of intoxicating liquors may be established by the acts of the party done on a single day. *Com.* v. *Gardner,* 7 Gray, 497.   And where, as in this case, the offence is alleged to have been committed on a particular day "and continually thereafter up to the day of the finding of this indictment" such allegations may be supported by proof of the commission of the offence on the particular day named or during any part of the period covered by the continuando.   *State* v. *Small,* 80 Maine, 452.   *Com.* v. *Wood,* 4 Gray, 11.

The requested instructions were, therefore, rightly overruled. They asked that the jury be instructed that under the indictment the government was bound to prove that the respondent was a common seller "without reasonable cessation, unceasingly and continuously" during the entire period named, and that the offence charged in the indictment "should be construed to mean the sale of intoxicating liquors each and every day between the dates set forth in the indictment."   Such instructions would have been clearly erroneous.   "Proof of the commission of the offence charged, during any portion of the time alleged in the indictment, would warrant a conviction.   It is not necessary to prove it to have been committed during the whole time charged, although a conviction or acquittal, as already stated, would operate as a bar to a presecution for the same offence, during the entire time alleged."   *Com.* v. *Wood,* supra.

*Exceptions overruled.*