## STATE *vs.* RALPH WEBBER.

### Knox.  Opinion June 17, 1926.

*The rule of pleading and evidence inserted in Chapter 116, Public Laws, 1925, that "in any prosecution under this Section, it shall not be incumbent on the State to allege or prove that the respondent did not possess such a permit," is unconstitutional.*

*A statute may be, however, in part constitutional and in part unconstitutional, and that part of Chapter 116 which defines the offense and prescribes the penalty is valid.*

In the instant case the complaint or indictment must negative the possession of a permit, and proof beyond the attendant presumption is not required of the Government to establish a prima facie case.

The respondent takes nothing by his exception to the overruling of the motion in arrest of judgment.  The complaint under which the respondent was convicted, fully and accurately alleged that he did not possess a permit issued as prescribed by the statute.

On exceptions.  The respondent after a conviction in the Rockland Police Court of illegal transportation of intoxicating liquors without a Federal permit, in violation of Chapter 116, Public Laws of 1925, appealed to the Supreme Judicial Court where he was tried before a jury and found guilty, and then seasonably filed a motion in arrest of judgment on the ground that the statute on which the complaint and warrant is found is contrary to the Constitution of the State of Maine and to the Constitution of the United States, which motion was overruled by the presiding Justice and respondent excepted.  Exception overruled.  Judgment for the State.

The case is fully stated in the opinion.

*Leonard C. Campbell, County Attorney,* for the State.

*Frank A. Tirrell, Jr., and Rodney I. Thompson,* for the respondent.

SITTING:  WILSON, C. J., PHILBROOK, DUNN, MORRILL, STURGIS, BASSETT, JJ.

STURGIS, J.  The respondent was convicted in the municipal court on a complaint charging him with illegal transportation of intoxicating liquors without a Federal permit, in violation of Chapter

116, Public Laws, 1925. Upon appeal, after trial and a verdict of guilty, he seasonably filed a motion in arrest of judgment on the following grounds:

"The complaint and warrant and matters therein alleged, in the manner and form in which they are therein stated, are not sufficient in law for any judgment to be rendered thereon, and the said complaint and warrant is bad because the statute on which said complaint and warrant is found is contrary to the Constitution of the State of Maine and to the Constitution of the United States."

The presiding Justice overruled this motion, and the case is before this court upon the respondent's exception to such ruling. Exceptions taken to the admissibility of evidence during the trial are not presented by the bill of exceptions and must be considered withdrawn.

The statute under which this complaint is drawn reads: "No person shall knowingly transport into this state or from place to place therein any intoxicating liquor, or aid any person in such transportation without being in possession of a permit therefor duly issued under authority conferred by the provisions of the national prohibition act · of October twenty-eight, nineteen hundred and nineteen, and amendments thereto, providing for the enforcement of the eighteenth amendment to the constitution of the United States; and in any prosecution under this section it shall not be incumbent on the state to allege and prove that the respondent did not possess such a permit."

The real question presented by the exception is the constitutionality of Chapter 116, Public Laws, 1925.

The power of the Legislature to prohibit the transportation of intoxicating liquors into this State, or from place to place therein, knowingly and without a permit issued under the authority of the National Prohibition Act, is not challenged; but it is charged that the Legislature transcended its power in including permits issued under amendments to that Act,—the construction placed upon the statute by the respondent being, that by the language used future amendments to the National Prohibition Act are incorporated by reference.

The prohibition against the transportation of intoxicating liquors without a Federal permit was first enacted in this State as Sec. 1, of Chap. 167, of the Public Laws of 1923. It was an amendment of Sec. 20, of Chap. 127, of the R. S.,—that section being struck out in

its entirety and the new provision inserted in place thereof. In description of the offense, the 1925 Act is identical with the 1923 Act. The latter was approved April 4, 1923, and the former April 2, 1925. Prior to both these dates the National Prohibition Act had already been amended by an Act Supplemental to the National Prohibition Act, dated November 23, 1921, being Chapter 134, of U. S. Statutes of that year. Supplementing this fact of amendment with the common knowledge which we share that the phrase "and amendments thereto" is often appended to statutory reference in legislative draft and enactment, regardless of the fact that no amendment exists, we find little ground for assuming that future amendments were included in the legislative intention.

The presumption is to the contrary. The court is bound to assume that in the passage of this law the Legislature acted with full knowledge of all constitutional restrictions. It is said that this rule, by the uniformity of its application, finds expression in the legal maxim that "All acts of the Legislature are presumed to be constitutional." *Laughlin* v. *City of Portland,* 111 Maine, 486; *State* v. *Pooler,* 105 Maine, 224. It is not to be supposed that the Legislature intended to incorporate Federal amendments not then made, the contents of which, as affecting permits to transport intoxicating liquors, they could have no knowledge. It is to be presumed that they enacted this law with full knowledge that incorporation by reference into our Statutes of future pharmacopoeial revisions or enactments of Congress constituted an unlawful delegation of legislative power, as stated in *State* v. *Holland,* 117 Maine, 288, and *State* v. *Vino Medical Co.,* 121 Maine, 438.

For the reasons stated we are of the opinion that the reference in Chapter 116, Public Laws, 1925, to amendments to the National Prohibition Act, refers only to amendments then made, and the incorporation of the same into the statute does not render it invalid.

But a further attack is made upon the validity of the statute. In enacting this amendment the Legislature struck out from Chapter 167, Public Laws, 1923, a provision as to the evidential effect of failure of a person to exhibit a Federal permit, and substituted therefor the rule of pleading and evidence that "in any prosecution under this section it shall not be incumbent on the state to allege and prove that the respondent did not possess such a permit." By this provision

the respondent says he is deprived of his right guaranteed by the Constitution to demand and be informed of the nature and cause of the accusation against him.

The offense described· in the enacting clause of Chapter 116, Public Laws, 1925, stripped of formal language, is the transportation of intoxicating liquors into or from place to place within the State, without being in possession of a permit therefor duly issued under authority conferred by the National Prohibition Act. The elements of the offense include the lack of possession of such a permit, and the offense itself cannot be accurately and definitely stated if the exception be omitted from the description. Such being the character of this statutory offense, we think the rules of pleading and constitutional limitations require that the State allege that the respondent did not possess a Federal permit.

At common law the omission of such an allegation would be fatal to the indictment. In *State* v. *Keen*, 34 Maine, 500, this court said: "No rule of criminal pleading is better established, than that, when the enacting clause describes the offense with certain exceptions, it is necessary to negative all the exceptions." To the same effect see *State* v. *Godfrey*, 24 Maine, 232; *State* v: *Gurney*, 37 Maine, 155; *Hinckley* v. *Penobscot*, 42 Maine, 89; *State* v. *Boyington*, 56 Maine, 512. A more definite statement of this rule is, that where a statute defining an offense contains an exception or proviso in the enacting clause which is so incorporated with the language describing and defining the offense that the ingredients of the offense cannot be accurately and clearly described if the exception is omitted, an indictment founded on the statute must allege enough to show that the accused is not within the exception. *United States* v. *Cook*, 84 U. S., 168. The rule is affirmed in *Commonwealth* v. *Hart*, 11 Cush., 130, and that court says: "The word 'except' is not necessary in· order to constitute an exception within the rule. The words 'unless,' 'other than,' 'not being,' 'not having,' &c., have the same legal effect, and require the same form of pleading." That "without being in possession of" has the same legal effect, we have no doubt.

It was the undoubted purpose of the Legislature to simplify and modify this rule of pleading; and while it is well settled in this State that the Legislature may abbreviate, simplify, and in many other respects modify and change the forms of complaints and indictments, even to the extent of authorizing the omission of allegations which

do not serve any useful purpose,—it is equally well established that it cannot deprive a person accused of crime of such rights as are essential to his protection and which are guaranteed by the Constitution. One of the most important of these rights is that the accusation shall be formally, fully, and precisely set forth. *State* v. *Bartley*, 92 Maine, 422; *State* v. *Mace*, 76 Maine, 64. The language of this court in *State* v. *Crouse*, 117 Maine, 363, is pertinent and worthy of repetition: "The memorable and time-honored declaration, that, in all criminal proceedings, the accused shall have a right to demand the nature and cause of the accusation (Con. of Maine, Article 1, Section 6), entitles him to insist that the facts alleged to constitute a crime shall be stated in the indictment with that certainty and precision of designation requisite to enable him to meet the exact charge, and to plead the judgment, either of acquittal or conviction, which may be rendered upon it, in bar of a later prosecution for the same offense. The description of the offense must be certain, positive, and complete."

We think, to quote the language of this court in *State* v. *Mace*, supra, that "in its laudable desire to prune away the great prolixity of the forms required by the common law, (the Legislature) cut too deep and did not leave enough to meet the requirements of the situation." The failure to possess the permit required by the statute is one of the ingredients of the offense described, and if the same be omitted, the description of the offense will not be "certain, positive, and complete."

It is an elementary rule, however, that the same statute may be in part constitutional and in part unconstitutional. In *Commonwealth* v. *Petranich*, 183 Mass., 217, the court says: "It is an established principle that where a statutory provision is unconstitutional, if it is in its nature separable from the other parts of the statute, so that they may well stand independently of it, and if there is no such connection between the valid and the invalid parts that the Legislature would not be expected to enact the valid part without the other, the statute will be held good, except in that part which is in conflict with the Constitution. But if the objectionable part is so connected with the rest that they are dependent on each other and cannot well be separated, or that the valid part, if left alone, would so change the character of the original statute that the Legislature would not be presumed to have enacted it without the other, the whole must be

set aside." This rule in principle has been fully adopted in this State. *State* v. *Mitchell,* 97 Maine, 66; *Cole* v. *County Commissioners,* 78 Maine, 538; *Barbour* v. *Camden,* 51 Maine, 611.

We are of opinion that this rule is applicable to the statute under consideration. The provision authorizing the omission of allegation and proof of non-possession of a Federal permit is clearly separable from the other parts of the statute. The Legislature of 1923 enacted the substantive definition of the offense and prescribed the penalty therefor, without the invalid provision appended. The Act of 1925 is but a re-enactment of the substantive part of the 1923 Act, with a rule of pleading and evidence added. That part of the statute defining the offense and prescribing the penalty, we think, is constitutional.

The provision authorizing the State to omit proof of the non-possession of the permit stands in such relation to the invalid authority to omit allegation of that fact, that it must be included in the rejected portion of the statute. It neither stands independently of it, nor is it in its nature separable. This result is unimportant, however. Though the indictment or complaint negatives the possession of a license or permit, (as it must), yet proof thereof beyond the attendant presumption is not required of the Government to establish a prima facie case. *State* v. *Woodward,* 34 Maine, 293; *State* v. *Churchill,* 25 Maine, 306; *State* v. *Crowell,* 25 Maine, 171. Bishop on Statutory Crimes, Section 1051.

The respondent takes nothing by his exception, however. The complaint under which he was convicted fully and accurately alleges that he did not possess a permit issued as prescribed by the statute. The State is not precluded from using averments that are sufficient in law to constitute a good accusation because statutory forms have been otherwise prescribed. *State* v. *Jones,* 115 Maine, 201; *State* v. *Reed,* 67 Maine, 127.

The entry therefore must be, exception overruled.

*Exception overruled.*
*Judgment for the State.*