**STATE of Maine**

v.

**Robert A. TRUE.**

Supreme Judicial Court of Maine.

Aug. 5, 1975.

David M. Cox, County Atty., Robert S. Briggs, Asst. County Atty., Bangor, for plaintiff.

William E. Macdonald, Bangor, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

ARCHIBALD, Justice.

A grand jury convened in Penobscot County returned the following indictment:

"STATE OF MAINE    INDICTMENT FOR VIOLATION OF

VS.    17 M.R.S.A. SECTION 3001

ROBERT A. TRUE    (PERJURY)

THE GRAND JURY CHARGES:

That ROBERT A. TRUE on or about the 21st day of March, 1973, in the Town of Newport, County of Penobscot and State of Maine, did appear as a witness in a proceeding for violation of 29 M.R.S.A. 2184, to wit, Driving While License Suspended or Revoked, in which the State of Maine and ROBERT A. TRUE were parties, before a tribunal of competent juristication (Maine District Court) and then and there willfully and corruptly swore falsely to a material matter, to wit, that he was not the driver of a certain motor vehicle."

The defendant waived trial by jury. Rule 23(a), M.R.Crim.P. A Justice of the Superior Court, after hearing the testimony of six witnesses, ruled that the testimony convinced him beyond a reasonable doubt that the State had proven all of the essential elements of the crime of perjury and a judgment of guilt was thereupon entered from which True now appeals.

We deny the appeal.

The appellant, without presenting any testimony, had moved unsuccessfully for a verdict of acquittal, basing this motion on the ground that the State had failed to prove that the tesimony alleged in the indictment to be perjurious was in fact untrue, and raised no issue as to the legal sufficiency of the indictment. Subsequent to entry of judgment the appellant filed a motion for judgment n.o.v., or, alternative-

ly, for a new trial. As in the initial motion for judgment of acquittal, there was no allegation challenging the legal sufficiency of the indictment. Since the appellant designated the entire contents of the record for inclusion in the record on appeal, he did not file any statement of the points on which his appeal would be premised. Rule 39(d), M.R.Crim.P.

The sole reason advanced before us for sustaining the appeal is that the indictment is fatally defective in that it does not allege that the appellant was "lawfully placed under oath before testifying falsely."[1] Although the issue is raised for the first time on appeal, we consider that the argument poses a jurisdictional point and "[t]his Court is firmly committed to the rule that jurisdictional questions are always open to judicial scrutiny." *Dow v. State*, 275 A.2d 815, 821 (Me.1971); *see State v. Nelson Freightways, Inc.*, 309 A. 2d 125 (Me.1973).

17 M.R.S.A. § 3001 defines perjury as follows:

"Whoever, when required to tell the truth on oath or affirmation lawfully administered, willfully and corruptly swears or affirms falsely to a material matter, in a proceeding before any court, tribunal or officer created by law, or in relation to which an oath or affirmation is authorized by law, is guilty of perjury . . . ."

Additionally, the legislature deemed it appropriate to prescribe a form of indictment and, thus, to simplify criminal procedure. *State v. Potts*, 154 Me. 114, 144 A.2d 261 (1958); *State v. Corson*, 59 Me. 137 (1871); *see State v. Mace*, 76 Me. 64 (1884). 17 M.R.S.A. § 3004 provides:

"Indictments against persons for committing perjury before any court or tribunal drawn substantially as hereinafter provided are sufficient in law.

'State Of Maine.

. . . . . ., ss. At the . . . . . Court begun and held at . . . . . ., within and for said County of . . . . . ., on the . . . . . Tuesday of . . . . . ., in the year of our Lord nineteen hundred and . . . . . .

The jurors for said State, upon their oath present, that A. B., of . . . . . ., in the County of . . . . . .,' (addition,) 'at . . . . . ., in the said County of . . . . . ., on the . . . . day of . . . . . ., in the year of Lord nineteen hundred and . . . . . ., appeared as a witness in a proceeding in which C. D. and E. F. were parties, then and there being heard before a tribunal of competent jurisdiction, and committed the crime of perjury, by testifying as follows:' (here set out the matter sworn to and alleged to be false,) 'which said testimony was material to the issue then and there pending in said proceeding, against the peace of said State and contrary to the form of the statute in such case made and provided.

A true bill.

. . . . . . . . . ., Foreman.

. . . . . . . . . ., County Attorney.'"

The form thus legislatively created has remained without material alteration since it was adopted by statute in 1865[2] and was specifically deemed sufficient in *State v. Corson, supra*.

It is clear beyond doubt that the indictment before us is predicated upon the form set forth in Section 3004. Both *State v. Corson* and *State v. Mace, supra*, agree that although an indictment couched in language consistent with the statutory form might be defective if measured

---

1. The quotation is from appellant's brief.

2. P.L.1865, ch. 324, § 1.

against the common law niceties of criminal pleading, it retains validity, however, if formulated in accordance with the statutory form of indictment. *State v. Potts, supra.*

Analogous to the statute prescribing the form for perjury is Rule 58, M.R.Crim.P.:

> "The forms contained in the Appendix of Forms are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate."

Since the adoption of our Criminal Rules of Procedure we have had numerous occasions to comment that an indictment drafted in accordance with such forms is legally adequate. *State v. Mihill,* 299 A.2d 557, 559 n. 4 (Me.1973); *Dow v. State,* 295 A. 2d 436 (Me.1972); *Cress v. State,* 281 A.2d 460 (Me.1971); *State v. Hachey,* 278 A.2d 397 (Me.1971); *Ellis v. State,* 277 A.2d 120 (Me.1971).

It is true that the indictment under attack does not contain the words "committed the crime of perjury" as does Section 3004. However, we view the allegation of the indictment, namely, "willfully and corruptly swore falsely to a material matter," as equivalent language since Section 3001, in defining perjury, uses identical phraseology. When a statute prescribing a form of criminal pleading recites that its contents are "sufficient in law," such recitation does not preclude the use of equivalent language which sufficiently describes the proscribed conduct. *State v. Jones,* 115 Me. 200, 98 A. 659 (1916); *see State v. Webber,* 125 Me. 319, 133 A. 738 (1926).

The indictment before us sufficiently alleges the crime of perjury and is in substantial compliance with the statutory form suggested as sufficient in law by Section 3004. The allegation that the appellant was lawfully administered an oath prior to testifying is unnecessary.

The entry is:

Appeal denied.

All Justices concurring.