## JOHNSON *vs.* THE STATE OF GEORGIA.

1. An indictment for perjury committed by a witness sufficiently charged that the oath administered to her was legal, where it alleged that the accused was "in due manner sworn, laying her hand on the Holy Evangelist of Almighty God, and took her corporal oath to speak the truth as such witness."

2. Where an indictment for perjury charged that the defendant was sworn on the trial of a case of assault and battery, it was a sufficient allegation of the materiality of the issue to state that "at and upon said trial, it became and was a material question and questions and subject of inquiry whether the said Laura Johnson saw the said George Baker, the defendant in said cause, on the night near Judge Montgomery's at the time of the alleged offense . . and whether the said George Baker . . did strike her, . . . and whether the said Laura Johnson had sworn before the mayor of Americus that George Baker, defendant as aforesaid, had knocked her down and almost killed her," etc.

3. The battery was upon the witness, and the allegations in the indictment above stated sufficiently show it. It is not necessary to allege the fact in distinct words, if at all. It is enough that the jury understood the charge.

4. Where the indictment alleged that "by her own act and consent, and of her most wicked and corrupt mind, in manner and form aforesaid, she wilfully, knowingly, absolutely and falsely did commit wilful perjury," this was a sufficient allegation that her testimony was false, without setting out in opposition to it what was the truth.

5. That the court had authority to administer the oath is plainly alleged, which would support the indictment, without regard to what the defendant swore before the mayor.

May 1, 1886.

Criminal Law.    Indictment.    Perjury.    Before Judge FORT.    Sumter Superior Court.    October Term, 1885.

Reported in the decision.

J. W. Brady; S. C. Elam; B. B. Hinton, for plaintiff in error.

C. B. Hudson, solicitor general, by W. A. Hawkins, for the state.

Jackson, Chief Justice.

This case comes before us on exceptions to a judgment overruling a demurrer to an indictment for perjury.

1. The oath charged is legal. It alleges that the accused was "in due manner sworn, laying her hand on the Holy Evangelist of Almighty God, and took her corporal oath to speak the truth as such witness." It is a substantial, if not a literal, compliance with section 4460 of the Code.

2. The allegation of the issue being material as charged is: "And at and upon said trial, it became and was a material question and questions, and subject of inquiry whether the said Laura Johnson saw the said George Baker, the defendant in said cause, in the night, near Judge Montgomery's, at the time of the alleged offense,.. . and whether the said George Baker . . did strike her, . . . and whether the said Laura Johnson had sworn before the mayor of Americus that George Baker, defendant as aforesaid, had knocked her down and almost killed her," etc.

The defendant was swearing on a case of assault of battery, as is charged in the indictment, and the allegation of the materiality of the point is ample.

3. The battery was upon herself, and the charges above excepted to show it sufficiently. It is not necessary to allege the fact in distinct words, if at all. It is enough that the jury understand the charge.

4. The charge contains more than the language of the statute; for the indictment alleges that "by her own act and consent, and of her own most wicked and corrupt mind, in manner and form aforesaid, she wilfully, knowingly, absolutely and falsely did commit wilful perjury," which

is sufficient in respect to allegations that what she then swore was false, without further and additional allegation, to the effect that such and such was the truth, in opposition to or inconsistency with what she swore. Code, §4628.

5. That the court had authority to administer the oath is plainly alleged, which would hold the indictment without regard to what she swore before the mayor, of which it does not appear in this record that there was any evidence, and that its retention in the indictment hurt her.

Judgment affirmed.