## KING *v.* THE STATE.

1. An indictment for perjury, alleging that the accused did "wilfully, knowingly, absolutely and falsely swear in a matter material to the issue and point in question" (setting it forth), and further alleging that this "testimony was false, and [the accused] knew it was false at the time he so swore, and [the accused] did thereby commit wilful, intentional and corrupt perjury," sufficiently averred an intention to swear falsely.

2. An indictment for perjury which alleges that certain testimony therein set forth was false, and that the same was given by the accused in a matter material to a specified issue and point in question in a described judicial proceeding, is, so far as relates to alleging the materiality of such testimony, sufficient, without stating in detail the facts showing how the same was material.

3. Though under the ruling made by this court in *Johnson* v. *State*, 76 *Ga.* 790, it is not indispensable to the validity of an indictment for perjury that it should, after stating what the alleged false testimony was, in terms set out what was the truth in that regard, it is essential that an indictment for this offense, wanting in this respect, should by clear and necessary implication show what must have been the truth of the matter to which the alleged false testimony related.

4. When, therefore, a material point in question in the judicial proceeding at which the alleged perjury was committed was, whether certain indorsements had been entered upon two promissory notes before or after their maturity, the notes referred to being dated March 4, 1893, and due, respectively, one and two years after date, and the indictment charged that the accused falsely swore such indorsements were "written on the back of said notes at the time said notes were written, in May, 1893," without alleging what the truth was as to when these indorsements were in fact made, such indictment was bad, because it neither in express terms alleged, nor by necessary implication showed, the time at which the indorsements were placed upon the notes. Such an indictment can not be treated as averring the truth to be that the indorsements in question were entered upon the notes after their maturity. If, for instance, they were entered in June, 1893, the evidence referred to might be false, though it would still be true that such indorsements were made before the notes became due.

Argued December 6, 1897. — Decided January 19, 1898.

Indictment for perjury.    Before Judge Henry.    Floyd superior court.    July term, 1897.

The plaintiff in error was indicted for perjury; and his bill of exceptions is upon the overruling of his demurrer to the indictment.    The charge was, that on or about March 19, 1896, in a judicial proceeding then pending and being tried before the court and a jury in the city court of Floyd county, "at the March term; 1896, of said court, said court having jurisdiction to try the case then pending before it, said case being that of the Merchants National Bank of Rome, Georgia, against J. L. Camp, J. King and E. J. McGhee, said case being an action upon two promissory notes dated March 4th, 1893, for the sum of $666.66 each, payable to the order of J. King, Pt., said notes being payable at the Merchants National Bank, with seven per cent., one of said notes being due one year after date, and one two years after date, both of said notes being indorsed upon the back J. King, Pt., the issue then on trial before said court being the question of the liability of the defendants to the plaintiffs upon said notes, one of the points in question in determining said liability being dependent upon the fact whether said indorsement 'J. King, Pt.,' was made before or after the maturity of said notes, his honor George A. H. Harris, judge of said court, then and there presiding, after the said Jack King had taken his lawful corporal oath, the truth, the whole truth, and nothing but the truth to say as a witness in said case, said court having power and authority to administer said oath, said Jack King did wilfully, knowingly, absolutely and falsely swear, in a matter material to the issue and point in question, in substance as follows: 'The indorsement J. King, Pt., was written on the back of said notes at the time said notes were written, in May, 1893,' which testimony was false, and the said Jack King knew it was false at the time he so swore, and the said Jack King did thereby commit wilful, intentional and corrupt perjury."    The demurrer was on the following grounds: (1) The presentment does not charge that defendant intended to swear falsely, nor aver the truth of the contrary of his testimony, nor the actual date of the indorsement of J. King, Pt. (2) It does not set forth nor describe any contract

upon which .Camp, King and McGhee appear to be legally liable. (3) The alleged false testimony was not material to any issue stated, or that could legally arise in the suit alleged to have been on trial. (4) The presentment is void for repugnance, in this: It is averred that the judicial proceeding was "an action on two promissory notes dated March 4th, 1893, for the sum of $666.66 each, payable to the order of J. King, Pt.," and the false matter alleged is that the defendant swore that "the indorsement J. King, Pt., was written on the back of said notes at the time said notes were written in May, 1893."

*Fouche & Fouche,* for plaintiff in error.

*Moses Wright, solicitor-general,* and *Watkins & Dean,* contra.

FISH, J. 1. One ground of the demurrer to the special presentment was, that it did not charge that the accused intended to swear falsely. The presentment charged that the accused did "wilfully, knowingly, absolutely and falsely swear, in a matter material to the issue and point in question" (setting forth the alleged false testimony), and the accused "knew it was false at the time he so swore," and the accused "did thereby commit wilful, intentional and corrupt perjury." The word "wilful" is a part of the definition of perjury as contained in the statute. In common parlance, "wilful" means intentional, as distinguished from "accidental" or "involuntary"; in penal statutes it means "with evil intent, with legal malice, without ground for believing the act to be lawful." Anderson's Law Dict. 1114. In Black's Law Dictionary, 1242, "wilful" is defined as follows: "Proceeding from a conscious motion of the will; intending the result which actually came to pass; designed; intentional; malicious." We can not comprehend how one can wilfully testify to that which he knows to be false at the time he testifies, without intending to testify falsely. There was no merit in this ground.

2. Another ground of the demurrer was, that "the alleged false testimony was not material to any issue stated, or that could legally arise, in the suit alleged to have been on trial." It is sufficient in an indictment for perjury to charge generally that the testimony alleged to have been false was in relation to

a matter material to the point or question in issue, without setting forth in detail the facts showing how such testimony was material. The authorities to this effect are abundant. See Wharton's Cr. L. § 1304; Maxwell's Cr. Proc. 416; McClain, Cr. Law, § 878; 18 Am. & Eng. Enc. L. 317, and the authorities cited. When the record does not positively show that the testimony was immaterial, an express averment that a question was material lets in evidence to prove that it was so. Whart. Cr. L. § 1304; Reg. *v.* Bennett, 5 Cox C. C. 207; Reg. *v.* Schlesinger, 10 Q. B. 670; 2 Cox C. C. 200. In the present case, if we leave out of consideration the positive allegation of materiality contained in the presentment, and consider the alleged false testimony in connection with the other allegations, its materiality may be clearly inferred; for if, as alleged, the issue on trial when the alleged perjury was committed was the "question of the liability of the defendants to the plaintiffs upon said notes," and "one of the points in question in determining said liability" was "dependent upon the fact whether said indorsement 'J. King, Pt.,' was made before or after the maturity of said notes," the materiality of the testimony is apparent.

3. The great weight of authority outside of this State seems to be that a general averment that the accused swore falsely, etc., upon the whole matter set forth, will not be sufficient; but the indictment should proceed by particular averments to negative that which is false, contradicting in express terms the matter alleged to have been falsely sworn to. 18 Am. & Eng. Enc. L. 316; Bish. New Cr. Proc. §§ 915, 918, 919; McClain, Cr. L. § 880; Archb. Cr. Pl. & Pr. (Pomeroy's Notes, 8th ed.) 1733; Gabrielsky *v.* State, 13 Tex. App. 428; Turner *v.* State (Tex. App.), 18 S. W. Rep. 792; People *v.* Clements, 42 Hun, 353; Com. *v.* Compton, 18 Ky. L. Rep. 479, 36 S. W. Rep. 1116; State *v.* Mace, 76 Me. 64; State *v.* Corson, 59 Me. 137; State *v.* Mumford, 1 Dev. (N. C.) 519; State *v.* Bixler, 62 Md. 354; Thomas *v.* State, 51 Ark. 138. Though, under the ruling made by this court in *Johnson* v. *State,* 76 *Ga.* 790, it is not indispensable to the validity of an indictment for perjury that it should, after stating what the alleged false testimony was, in terms set out what was the truth in that regard, it is

essential that an indictment for this offense, wanting in this respect, should, by clear and necessary implication, show what must have been the truth of the matter to which the alleged false testimony related. The decision in that case does not lay down any general rule on the subject, but simply holds that the allegations of the indictment in that case were sufficient, and that under those allegations it was not necessary to set out, in opposition to the testimony alleged to have been false, what was the truth. We do not understand that decision as holding that the simple allegation that the testimony was false is sufficient, if the testimony alleged to have been false, taken in connection with the allegation as to its falsity, does not, by clear and necessary implication, show what must have been the truth of the matter.

4. From the presentment it appears that the material point in question in the judicial proceeding in which the alleged perjury was committed was, whether a certain indorsement set out in the presentment had been entered upon two described promissory notes before or after they had matured, the notes being dated March 4th, 1893, and due respectively one and two years after date. The presentment charged that the accused falsely swore that such indorsement was "written on the back of said notes at the time said notes were written, in May, 1893," without alleging what the truth was as to when this indorsement was in fact made. In what respect this testimony was false nowhere clearly appears, either by express averment as to what was the truth, or by necessary implication from the allegations of the presentment. If an indictment the contents of which were substantially the same as those embraced in this presentment, except the portion of it setting forth the alleged false testimony, were to charge that the accused falsely swore that the indorsement was entered on the notes before they had matured, the necessary and unavoidable inference would be that the truth was that the notes were indorsed after they matured; and this we understand, from the decision in *Johnson* v. *State*, supra, would be a sufficient allegation as to what was the truth of the matter. In the present case, the testimony of the accused in the case wherein he was a witness

would have been just as material if the truth was that the indorsement was made before the notes had matured, as it would have been if the truth was that it was made after they matured. But it might have been false because the notes were not indorsed at the time they were written, but were indorsed some time thereafter but before they matured; or it might have been false because the notes were not written and the indorsement made in May, 1893, but were written and the indorsement made at the time they bore date, viz., March 4th, 1893. The presentment was bad, because it neither in express terms alleged, nor by clear and necessary implication showed, when the indorsement was placed upon the notes. Such a presentment can not be treated as averring the truth to be that the indorsement in question was entered upon the notes after they matured.

*Judgment reversed. All the Justices concurring.*