FORD v. CALHOUN.

1. ATTACHMENT—REMEDY.—Can a stranger to a suit against a non-resident, claiming land attached, move to vacate attachment.

2. MOTIONS—PRACTICE—PLEADING—CIRCUIT JUDGE.—A Judge has no authority to decide a question on motion not covered by motion papers.

3. JURISDICTION—NON-RESIDENT.—THE CIRCUIT COURT may obtain jurisdiction of the person of a non-resident by service of summons in this State, whether he have property here or not.

4. A NON-RESIDENT may sue a' non-resident in this State, whether he have property here or not.

5. SUMMONS—SETTING ASIDE SERVICE.—Pendency of another action is not a ground for setting aside service of summons.

Before BUCHANAN, J., Abbeville, October, 1897. Reversed.

Action by Mary B. Ford *v.* Benjamin P. Calhoun. From orders vacating attachment and setting aside service of summons, plaintiff appeals.

*Messrs. Graydon & Graydon,* for appellant, cite: *Attachment should not have been vacated as to defendant:* Code, 255a. *Personal service in this State proper:* Code, 156, 155. *Court had acquired jurisdiction of defendant:* 106 Mass., 217; 105 Id., 93; 11 How., 437; 80 Me., 234; 148 Mass., 552; 120 Ill., 184; 12 Mass., 36; 48 S. C., 492.

*Mr. W. H. Parker,* contra, cites: *Personal service on defendant in this State properly set aside:* 5 Nev., 383; 1 N. & M., 175; 8 Rich. L., 445.

*Messrs. DeBruhl & Lyon,* also contra, cite: *Attachment properly vacated:* Code, 255a, 251. ' *Personal service on defendant in this State properly set aside:* 18 S. E. R., 120; 19 Id., 142, 286; 95 U. S., 174; 22 S. E. R., 178; Code, 248, 156.

Aug. 1, 1898. The opinion of the Court was delivered by

MR. CHIEF JUSTICE MCIVER. The plaintiff brought this action against the defendant, both of whom are residents of the State of Florida, to recover the amount of a judgment obtained in the Circuit Court of Florida. The action was commenced on the 21st of October, 1896, by lodging the summons and complaint with the sheriff of Abbeville County for service. On the 24th of October, 1896, said sheriff made a return, stating that, after diligent search, the defendant could not be found in his county. On the 29th of June, 1897, the plaintiff obtained from the clerk a warrant of attachment, and also an order for service

by publication, and a few days thereafter, to wit: on the 5th of July, 1897, the defendant was personally served with a copy of the summons and complaint at his home in the State of Florida.   On the 19th of July, 1897, the attorneys for the plaintiff were served with the following notice: "Take notice that the undersigned, Messrs. Parker & Mc-Gowan and Messrs. DeBruhl & Lyon, will appear as the attorneys for Benj. P. Calhoun in the above entitled case, and, upon the call of said case, will demur to the complaint herein, upon the ground that the said complaint does not state facts sufficient to constitute a cause of action."   It seems that the warrant of attachment was levied upon an interest in certain real estate situate in the county of Abbeville; but when this attachment was levied, does not appear in the "Case."   It must have been on or before the 16th of July, 1897, for in an affidavit of Mrs. Julia C. Calhoun, bearing that date, which will presently be more particularly referred to, it is stated that the attachment had been levied upon the real estate above referred to as the property of the defendant.   On the 19th of July, 1897, Mrs. Julia C. Calhoun, by her attorneys, served the attorneys for plaintiff, as well as the sheriff of Abbeville, with a notice demanding a release of the attachment, supporting such notice with an affidavit, hereinabove referred to, in which, amongst other things, she stated that the defendant had no interest in the real estate which had been attached, the same having been conveyed to her by the deed of said B. P. Calhoun, bearing date the 15th of August, 1894, and an answer to the same effect.   On the 15th of September, 1897, the defendant, Benjamin P. Calhoun, being temporarily within the State of South Carolina, the plaintiff caused a copy of the summons and complaint to be served personally on him by the sheriff of Abbeville County.   On the 21st of September, 1897, the attorneys for Mrs. Julia C. Calhoun gave notice, reciting that the notice above mentioned, based upon her affidavit and answer above stated, had been given of a motion to vacate the attachment and to release said real

estate from the levy and lien thereon.   On the 22d of September, 1897, the said B. P. Calhoun gave notice of a motion "for an order setting aside the service of the summons and complaint in the above stated case, made upon him on the 15th day of September, A. D. 1897, on the ground that the Court has no jurisdiction to hear said cause or render judgment against him, he being a resident of the State of Florida and not of this State, and no property belonging . to this defendant in this State having been attached in this action and brought within the jurisdiction of this Court;" adding that "the said defendant will appear solely for the purposes of this motion."   These two motions were heard by his Honor, Judge Buchanan, at the regular term of the Court for Abbeville County—the motion to vacate the attachment having been first heard, under which the following order, bearing date the 4th of October, 1897, was granted: "The attachment in the above case having come on to be heard before me, * * * after due notice to plaintiff's attorneys, and after argument of counsel, and the acknowledgment in open Court of plaintiff's attorneys that the attachment must be vacated, no bond having been given within ten days to a third party claiming the land, it is hereby ordered, that the said attachment be, and the same is hereby, vacated with costs."   On the 8th of October, 1897, another order was made, setting aside the service of the summons and complaint in this case, in which his Honor, after stating that the defendant was not a resident of this State, that the service "was first made by attachment of land in Abbeville County, S. C., and by personal service upon the defendant within the State of Florida, after an order for publication.   Mr. Calhoun, the defendant, was temporarily in Abbeville on September 15, 1897, and he was personally served with a copy of the same summons and complaint (the attachment above referred to had been vacated before this motion was made"), proceeds to hold as follows: "I am of the opinion that there was no legal service in this case.   The first service in Florida is gone, because the at-

tachment has been vacated. The second service was made without an order for publication upon a non-resident, who happened to be for a day within the jurisdiction of this Court, without any attachment, and with no property within this State. I hold further, that the first case, not having been discontinued or abandoned, is still pending, and there could not be a second service of the same complaint in the same case."

From these orders the plaintiff appeals on the several grounds set forth in the record, which need not be repeated here, as we propose to consider the several questions which they present. These questions, as stated by counsel for appellant in their argument, are as follows: 1st. Was there error in vacating the attachment as to the defendant? 2d. Was there error in setting aside the service of the summons made in Florida? 3d. Was there error in setting aside the service on the defendant in Abbeville County, made by the sheriff of that county? 4th. Was there error in holding that the Court had no jurisdiction? This question is dependent upon the answers to the two questions immediately preceding, and scarcely needs separate consideration.

As to the first question, it might be worthy of inquiry whether Mrs. Calhoun, who was no party to the action, could move to vacate the attachment—there being no motion for that purpose from the defendant— under the cases of *Copeland* v. *Piedmont and Arlington Life Ins. Co.*, 17 S. C., 116, and *Metts* v. *The Same*, 17 S. C., 120. The act of 1883, 18 Stat., 491, now incorporated in the Code as sec. 255a, was passed shortly after those cases were decided, and does not provide that a third person, who claims property which had been attached as the property of an alleged debtor of the attaching creditor, may move to vacate the attachment, but simply provides a mode by which such third person may retain or regain possession of the property attached, unless the attaching creditor gives the undertaking required by the act within the time prescribed for that purpose. But as the question has not been argued

in this aspect, and its determination is not necessary to the decision of this case, under the view which will be presently presented, we do not now propose to decide it.

2d. Was there error in setting aside the service in the State of Florida? In the first place, there was no notice, so far as the "Case" discloses, of any motion for that purpose; and, therefore, we need not consider whether the fact that such service was made after an order for publication, and before the attachment, which was obtained at the same time as such order, had been set aside.

The only notice of a motion to set aside the service of the summons was a notice to set aside the service, "made upon him on the *15th day of September, A. D. 1897*," which was the service made by the sheriff of Abbeville county on the defendant personally, while in that county; and no allusion whatever is made to the previous personal service made in the State of Florida. It is true, that the Circuit Judge does, in his order of the 8th of October, 1897, say that, "The first service in Florida is gone, because the attachment has been vacated." But by what authority the Judge could decide a question which was not properly before him, it is difficult to understand. The only motion before him was to set aside the service made in Abbeville, and he had no power to determine, or even consider, whether the previous service made in Florida, was good or bad, until some motion, of which previous notice had been given, was brought before him. For this reason, therefore, it seems to us that there was error in declaring that the service in Florida was not good.

The only remaining question to be considered is whether there was error in setting aside the service on the defendant personally in the county of Abbeville, made by the sheriff of that county. To this question there can be but one answer. The Code, in section 154, expressly declares: "The summons may be served by the sheriff of the county where the defendant may be found, or by any other person not a party to the action." Observe the lan-

guage, the summons may be served by the sheriff of the
county "where the defendant *may be found*"—*not* where the
defendant resides, but where he *may be found*.    There is no
exception as to non-residents of the State, but, on the con-
trary, the language is broad enough to cover *any* person who
"may be found" in this State.    The conceded fact is, that
the defendant was found in the county of Abbeville, in this
State, and was there personally served by the sheriff of that
county.    Again, the Code, in section 155, after providing
in subdivision (1) how service may be made on corporations,
both domestic and foreign, in order to bring them before
the Court, and in subdivision (2) how minors may be served,
and in subdivision (3) how persons of unsound mind may
be served, proceeds in subdivision (4) as follows: "In all
other cases, to the defendant personally, or to any person
of discretion  residing at the residence, or employed at the
place of business of said defendant."    Here, again, there is
no exception; the language is, "*in all other cases;*" that is
to say, *all* cases except corporations, minors, and persons of
unsound mind, which had been previously provided for.
This language  certainly includes non-residents as well as
residents of this State.    Besides this explicit statutory pro-
vision, the reason of the thing supports our view.    The
object of the service of any legal process is to notify the
party served of the proceeding against him, and to obtain
jurisdiction of his person, and both of these objects are at-
tained when a person, whether a non-resident or a resident
of this State, has been personally served within the juris-
diction of the Court where such proceeding is pending.    Our
view has also the support of authority.    See 22 Am. & Eng.
Enc. of Law, 136, and the cases referred to in the notes,
cited by appellant's counsel, and our own case of *Pepper* v.
*Shearer*, 48 S. C., 492, which, while not deciding the ques-
tion, plainly recognized the correctness of our view; for it
is there said, in speaking of an action *in personam*, where
the defendant had not been served *within this State:* "A
non-resident, under such circumstances, can only be brought

within the jurisdiction of this Court by the service of the process within the State, or by voluntary appearance." The cases of *Pennoyer* v. *Neff*, 95 U. S., 714, and other cases following that case, are not in conflict with our view, for it is admitted with commendable candor, by counsel for respondent, that the defendants in those cases were not served within the State where the actions were brought; and in this respect these cases differ materially from the case under consideration; for here the defendant was served personally within this State, and within the jurisdiction of the Court where the case was pending. Indeed, in the case of Pennoyer *v.* Neff, which seems to be a leading case on the subject, we find the following language, which plainly recognizes our view to fix a personal liability upon a defendant: "He must be brought within its jurisdiction *by service of process within the State*, or by his voluntary appearance" (italics ours). Counsel for respondent contend that our view should not be applied to this case, because here the plaintiff as well as the defendant are non-residents, and because the defendant has no property in this State. The fact that the plaintiff is a non-resident of this State can make no difference, as that does not prevent her from maintaining an action in this State. *Ex parte Dickinson, in re Sheldon* v. *Blauvelt*, 29 S. C., 465. And the fact, if it be a fact, that defendant has no property in this State, cannot affect the right of plaintiff to sue him here. Besides, we do not understand that it has yet been judicially determined that defendant has no property in this State. All that has been determined is, that Mrs. Calhoun had a right to demand a release of the attachment which had been levied upon real property alleged to belong to defendant, under the provisions of section 255a of the Code, because plaintiff did not see fit to give the undertaking required by that section. But we do not understand that the question as to the title to that property has yet been adjudicated.

The other ground upon which the Circuit Judge rests his

order setting aside the service, to wit: that there was another action pending when the service in Abbeville was made, cannot be sustained. The service in Florida was either valid or invalid. If the former, then there was error in setting aside that service; if the latter, then there was no other action pending; for we cannot perceive how an action can be said to be pending where the defendant has not been served with the summons. Besides, we are not prepared to admit that the pendency of another action affords ground for setting aside the service of a summons. It may be taken advantage of by demurrer, if the fact appears in the complaint; or if it does not there appear, it may be taken advantage of by answer; but we do not see how it can affect the service of a summons.

We have not said anything about the fact, which appears in the "Case," that on the 19th of July, 1897, defendant gave a notice (copied above) that he would appear and demur to the complaint, which might operate as a voluntary appearance, superceding the necessity for any service of the summons, for the reason that no notice seems to have been taken of this, either by the Circuit Judge or by counsel in their argument, and, therefore, we are not disposed to rest our conclusion upon the effect of such notice.

Inasmuch as it is stated in the order of the Circuit Judge vacating the attachment, that plaintiff's attorneys acknowledged in open Court that the attachment must be vacated, appellant's first exception, imputing error in vacating the attachment as to the defendant, B. P. Calhoun, must be overruled; and inasmuch as there is no exception imputing error to the Circuit Judge in vacating the attachment for any other reason, we do not see how the first exception can be sustained, for we do not see (apart from the consent of counsel) how an attachment can be vacated as to one and not as to the other party.

The other order of 8th of October, 1897, setting aside the service of the summons, must be reversed, for the reasons above indicated.

The judgment of this Court is, that the order of the 8th of October, 1897, setting aside the service of the summons and complaint, be reversed, but that the order of the 4th of October, 1897, vacating the attachment, be affirmed.