### 6901.   HERNDON *v.* THE STATE.

It is essential to an indictment for perjury that the materiality of the testimony which it alleges to be false should appear from the indictment. The materiality of testimony given on a trial for murder, to the effect that the witness saw the accused at a stated time and place, was not sufficiently shown by the testimony itself and a general allegation that it was "material to the issue" in that proceeding.

DECIDED JANUARY 28, 1916.

Indictment for perjury; from Chatham superior court—Judge Charlton.   August 26, 1915.

*W. R. Hewlett, N. J. Norman,* for plaintiff in error.

*Walter C. Hartridge, solicitor-general,* contra.

WADE, J.   1.   The indictment for perjury alleged, that in a preliminary investigation in the case of the State against J. T. Kelly, who was charged with the offense of murder, Frances Herndon, after a lawful oath had been administered to her, in a court of competent jurisdiction, etc., did falsely, etc., swear that she had "seen the said J. T. Kelly on Saturday night, June 19th, 1915, between the hours of eight thirty o'clock and eleven o'clock, at the house known as No. 315 Liberty street, West, in the city of Savannah, all of which matters so wilfully, knowingly, absolutely, and falsely sworn to, in substance and in effect, being then and there material to the issue in the judicial proceeding aforesaid."   It is not essential in a trial for perjury that the materiality of the alleged false testimony "should be demonstrated by an argument incorporated in the indictment;" but it must appear, from the recitals in the indictment, how and in what manner the testimony alleged to be false was in fact material in the trial of the issue when such testimony was delivered.   *Ruff* v. *State,* ante, 337 (86 S. E. 784 (3) ).   "It is essential that the materiality of the testimony alleged to have been false should be made to appear in the indictment."   *Broadwater* v. *State,* 10 *Ga. App.* 458 (5), 459 (73 S. E. 691).   See also *Askew* v. *State,* 3 *Ga. App.* 79 (59 S. E. 311) ; *Black* v. *State,* 13 *Ga. App.* 541 (79 S. E. 173).   In the case of *King* v. *State,* 103 *Ga.* 263 (2), 265 (30 S. E. 30), the precise point raised by the demurrer was that "the alleged false testimony was not material to any issue stated, or that could legally arise, in the suit alleged to have been on trial."   The court held that in addition to the positive allegation as to the materiality of the alleged false testimony contained in the indictment, its ma-

teriality could be clearly inferred when it was considered in connection with the other allegations, and in fact the materiality of the testimony was apparent. Any obiter expression in that case which may seem to be in conflict with the rulings of this court in the cases of *Askew* v. *State,* supra, *Broadwater* v. *State,* supra, or *Black* v. *State,* supra, is not binding upon this court, but our ruling in this case is controlled by the former rulings of this court on the precise point. The case of *Johnson* v. *State, 76 Ga. 790,* is in principle precisely in accord with the previous rulings of this court on the point involved, since in that case the materiality of the alleged testimony was clearly apparent from the indictment as a whole.

It is not apparent, either from any express averments in the indictment itself or from the allegations therein, considered together, how or in what manner the testimony of the defendant on trial for perjury, that the person charged with murder was present at a certain house at a certain time, was material to the issue. It can only be surmised what particular defense the alleged false testimony tended to support, and it does not appear even from the recitals of the false testimony delivered that such testimony was in fact material, as tending either to support or overcome the charge of murder, the issue then on trial.

2. Since the court erred in not sustaining the demurrer to the indictment on the ground stated above, the further proceedings in the trial were nugatory and need not be considered; nor is it necessary to pass upon other grounds of demurrer to the indictment.        *Judgment reversed.*