### 9111. MARION v. THE STATE.

BLOODWORTH, J. In an indictment for perjury it must appear how and in what manner the testimony alleged to be false was in fact material in the trial of the issue when the testimony was delivered. *Herndon* v. *State*, 17 *Ga. App.* 558 (87 S. E. 812); *Ruff* v. *State*, 17 *Ga. App.* 337 (86 S. E. 784); *Broadwater* v. *State*, 10 *Ga. App.* 458 (5) (73 S. E. 691). See also *Askew* v. *State*, 3 *Ga. App.* 79 (59 S. E. 311); *Black* v. *State*, 13 *Ga. App* 541 (79 S. E. 173); *Hembree* v. *State*, 52 *Ga.* 242. And in such an indictment an allegation that the defendant swore, "I have not cohabited with my wife or lived with her since she admitted writing the note to Holcombe, which I found in the baby's cradle," standing alone does not show how and in what manner

13

the testimony of the defendant on the trial of a divorce case was material to the issue, it not appearing upon what ground the petitioner prayed for the divorce. The indictment does not even state the contents of the note referred to in the quotation above. The indictment failing to show how and in what manner the testimony alleged to be false was in fact material, it is fatally defective, and the grounds of demurrer covering this point should have been sustained.

*Judgment reversed. Broyles, P. J., and Harwell, J., concur.*
DECIDED NOVEMBER 1, 1917.

Indictment for perjury; from Floyd superior court—Judge Wright. July 19, 1917.

*M. B. Eubanks,* for plaintiff in error.
*Claude H. Porter, solicitor-general,* contra.