## 11210

### EX PARTE SALES
### EAVES v. SALES

(117 S. E., 350)

1. ATTACHMENT—PLAINTIFF FAILING TO GIVE UNDERTAKING TO THIRD
   PERSON CLAIMING ATTACHED PROPERTY CONCEDES LATTER'S RIGHT TO
   PROPERTY.—Where a third person under Code Civ. Proc., 1912, § 287,
   claimed the property attached, and plaintiff failed to give this
   claimant an undertaking within ten days after notice of claim as
   required by Section 292, plaintiff conceded claimant's right to the
   property.

2. REPLEVIN—PROPER REMEDY TO RECOVER WIFE'S PROPERTY WRONG-
   FULLY ATTACHED FOR HUSBAND'S DEBT.—Where a wife's property is
   attached in an action against her husband, she may recover it by an
   action in claim and delivery.

Before BOWMAN, J., Union, October, 1922. Reversed.

Action by D. M. Eaves against W. J. Sales, in which
Mollie Sales appeared and claimed the property attached.
From an order denying claimant's motion that the attach-
ment be discharged, she appeals.

*Messrs. L. K. Leonard* and *Cornelius Otts* for appellant.

*Messrs. Barron, Barron & Barron* for respondent.

April 30, 1923.

The opinion of the Court was delivered by MR. JUSTICE
WATTS.

This action was commenced by D. M. Eaves on January
31, 1922, by the issuance of a summons, complaint, bond,
affidavit, and warrant of attachment against the defendant,
W. J. Sales. Pursuant to the warrant of attachment, the
sheriff of Union County attached certain goods then in
possession of the Southern Railway for transportation to
Mollie Sales at Biltmore N. C. The defendant, W. J.
Sales, failed to answer the complaint and was in default,
whereupon at the June term of the Court the plaintiff, D. M.
Eaves, recovered judgment against the defendant, W. J.

Sales, in the sum of $102.29. Later, namely, on the 19th day of August, 1922, Mollie Sales, the petitioner, served a verified petition and notice upon the attorneys for the plaintiff, wherein she gave notice that the goods attached in this action belonged to her exclusively and that she was entitled to the possession thereof. No undertaking was given by the respondent to the claimant of this property, notwithstanding her notice. On September 15, 1922, petitioner served notice on the attorneys for the respondent that they would move before Judge I. W. Bowman, presiding Judge, Seventh Circuit, to discharge so much of the attachment in this case as held the goods of petitioner, on the ground that respondent had failed to give bond to petitioner as required by the Code. This motion was heard by Judge I. W. Bowman on October 6, 1922, and by an order filed October 10, 1922, he refused to grant the motion on the ground that plaintiff-respondent had already recovered judgment against W. J. Sales."

Appellant by seven exceptions imputes error on the part of his honor, five of which involve the construction of Section 287 of the Code (Volume 2, Code of Laws, A. D. 1912), in reference to attachments, and the other two involving the jurisdiction of the Court and due process of law.

The first exception must be sustained. When Mollie Sales claimed the property, she was a third party, and it was the duty of Eaves to give the undertaking that was required under Section 292, Code of Laws, within 10 days after notice of said claim; and having failed to do so, he conceded the right of Mollie Sales to the property. *First National Bank of Chillicothe v. McSwain,* 93 S. C., 30, 75 S. E. 1106; Ann. Cas. 1914D, 809.

Mollie Sales, when her property was seized to pay her husband's debt, could intervene in the attachment proceeding, as a third party, as she did, or she could have proceeded in a suit for claim and delivery.

If Eaves attached her property and not that of W. J. Sales, then the judgment obtained against him cannot be sustained, as Sales was not personally served, and the property attached was not his, but that of his wife; and Eaves' failure to give the undertaking as required within 10 days conceded that the property attached belongs to Mollie Sales.

Judgment reversed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES FRASER, COTHRAN and MARION concur.

MR. JUSTICE COTHRAN: I concur in the opinion of Mr. Justice Watts, but desire to present the following view of the controversy, in addition to what he has said:

Section 287 of the Code (Volume 2, Code of Laws A. D. 1912) prescribes the course to be followed by a person other than the defendant who makes claim to the property which has been attached. Upon the presentation of his claim, if the plaintiff concedes its validity, the party in possession shall be dismissed, and naturally though it is not specifically provided, the attached property would be surrendered to the claimant. So far as the plaintiff is concerned, the claimant will have established his right to the property. Should the plaintiff contest the intervening claim, an issue is directed to be made up and tried as to the validity of the claim and judgment rendered accordingly. If that issue should be decided in favor of the claimant his right to the attached property will have thereby been established.

It is also provided that when the property is claimed by such other person, the plaintiff shall execute to him the same undertaking which he is required by law to execute in favor of the defendant in the first instance and the undertaking shall be executed within 10 days after the plaintiff shall have received notice of the claim.

It has been held in the cases of *Ford v. Calhoun*, 53 S. C., 110; 30 S. E. 30, and *Bank v. McSwain*, 93 S. C., 30; 75 S. E. 1106; Ann. Cas. 1914D, 809, that if the plaintiff should fail to give the undertaking to the plaintiff within

the specified time, he shall be held to have conceded the rightfulness of the claim.

So that there are three methods by which the right of the claimant to the attached property may be established in the attachment proceedings:

(1) By the concession of the plaintiff.

(2) By the decision of the issue upon his claim in favor of the claimant.

·(3) By the failure of the plaintiff to execute to him the undertaking required.

Section 296 of the Code provides:

"And in all cases the defendant, or any person who establishes a right to the property attached, may move to discharge the attachment, as in the case of other provisional remedies."

I know of no more valid objection to an attachment than that it has not been levied upon the property of the defendant but upon the property of the claimant.

It would serve no useful purpose to declare that the claimant had established her right to the property and, without giving her relief in the attachment proceedings before the Court, remit her to an action of claim and delivery.

In 6 C. J. 405, it is said:

"Where the claimant or intervener succeeds in establishing his title to the property attached (which as I have endeavored to show may be accomplished in some one of the methods indicated), the judgment should be that the attachment be vacated, and the property returned to the true owner; and the Court should make such orders as are necessary to protect the rights of the claimant."

Mr. Justice Marion concurs.