### PALMETTO GUANO CORPORATION v. GREEN *ET AL.*

#### (136 S. E., 132)

1. ACTION—COMPLAINT IN SUIT TO FORECLOSE MORTGAGE HELD TO IMPROPERLY JOIN CAUSE OF ACTION TO SET ASIDE SALE OF CORPORATE STOCK BY MORTGAGOR.—Complaint in suit to foreclose mortgage on land *held* to improperly join another cause of action to have sale of corporate stock by mortgagor declared void, and to enjoin mortgagor and his wife from selling, transferring, or disposing of such stock.

2. CORPORATIONS—VERIFICATION OF COMPLAINT BY EMPLOYEE, CLERK, AGENT, OR LOCAL MANAGER OF CORPORATION IS INSUFFICIENT UNDER STATUTE.—Under Code Civ. Proc. 1922, § 418, authorizing verification of complaint by any officer of corporation, verification of complaint by an employee, clerk, agent, or local manager is insufficient.

3. INJUNCTION—MORTGAGEE'S BELIEF THAT DEFICIENCY JUDGMENT WILL BE ENTERED DOES NOT ENTITLE HIM TO INJUNCTION AGAINST MORTGAGOR'S DISPOSAL OF OTHER PROPERTY, IN ABSENCE OF SHOWING

WARRANTING ATTACHMENT.—Fact that mortgagee believed land mortgaged would not pay his debt, and that, after sale, there will be judgment for deficiency, *held* not to entitle him to injunction against mortgagor's disposal of certain corporate stock and dividends, in absence of such showing as would warrant attachment under the Code.

4. INJUNCTION—ORDER ENJOINING DEFENDANTS' RECEIPT OF CERTAIN DIVIDENDS, AND DIRECTING PAYMENT INTO COURT, HELD IMPROPERLY ENTERED WITHOUT NOTICE TO DEFENDANTS (CIV. CODE 1922, §§ 484, 486; CIRCUIT COURT RULE 57).—In suit for foreclosure of mortgage on land, where deficiency judgment was anticipated, order enjoining defendants from collecting dividends on certain corporate stock, and directing that such dividends be paid into Court *pendente lite*, *held* erroneously entered without notice to defendants under Civ. Code 1922, §§ 484, 486, and Circuit Court Rule 57.

Before SEASE, J., Union, October 1925.   Reversed.

Suit by the Palmetto Guano Corporation against W. E. Green and wife. From an order enjoining and restraining defendants from collecting the dividends on certain corporate stock, and directing such dividends to be paid into Court, defendants appeal.

The following is the complaint:

The, plaintiff, complaining of the defendants herein alleges:

(1) That the plaintiff, Palmetto Guano Corporation, is now, and was at the times hereinafter mentioned, a corporation duly organized and existing under and by virtue of the laws of the State of Virginia.

(2) That the defendants W. E. Green, Mrs. W. E. Green, and R. P. Morgan are residents of and citizens of Union, in the County of Union and State of South Carolina, on information and belief, that the defendant Consolidated Ice & Fuel Company is a corporation organized under the laws of some state unknown to this plaintiff, and that B. B. Going is president of said Consolidated Ice & Fuel Company, and Hunter S. Harris is secretary and treasurer.

(3) That at Union, S. C., on 18th October, 1921, the defendant W. E. Green, for value, executed and delivered

to R. P. Morgan his certain promissory note in writing, of which the following is a copy:

"$8,382.47.   Union, S. C., October 18th, 1921.

"February 1st, after date I suppose to pay to the order of R. P. Morgan eight-three hundred eighty-two and 47/100 dollars at the Citizens' National Bank, of Union, S. C. Value received.   With interest after maturity at the rate of 8 per cent. per annum until paid.   I agree, in default of payment at maturity, to pay 10 per cent. attorney's fee for collection.                "W. E. Green."

(4) That on the 18th day of October, 1921, the said defendant W. E. Green, in order to secure the payment of said note and indebtedness represented thereby, made, executed, and delivered to the said R. P. Morgan his certain deed of mortgage, and thereby conveyed to said R. P. Morgan, his heirs and assigns forever, by way of mortgage, the following described premises, to wit:

"All that certain tract of land lying and being in Fish Dam township, Union County, State of South Carolina, containing one hundred and forty and one-half acres, more or less, bounded on the north by lands of William Tucker, on east by lands of Chas. H. Harvey, of Andrew Jeter and Ed Jeter, south by lands of Mrs. Ann Miller and lands known as the Sprouse place.   The above tract of land is the same as conveyed to me by deed dated October 17, 1921, and recorded in office of Clerk of Court, Union County, S. C., October 18, 1921, Book 52, page 502."

(5) That thereafter the said mortgage was duly probated, and on the 30th day of November, 1921, was recorded in Book 29, at page 150, in the office of the clerk of Court for Union County, S. C.

(6) That no part of said note and mortgage has been paid, and no interest has been paid thereon, except the sum of $500 paid on July 31st, 1922, and the sum of $1,057.66, paid on September 16, 1922.

(7) That in said note it is provided that the maker agrees, in default of payment at maturity, to pay 10 per cent. attorney's fee for collection, as is set out in said mortgage securing same.

(8) That demand has been made for the payment of said note and mortgage, and, although same is long past due, no part thereof has ever been paid other than above stated; and there is now due and owing on said note and mortgage the principal sum of $8,382.47, with interest thereon from February 1, 1922, at the rate of 8 per cent., less a credit of $500 on July 31, 1922, and a credit of $1,057.66 on September 16, 1922 together with 10 per cent. of the amount due as attorney's fees.

(9) That for valuable consideration said note and mortgage was indorsed in blank by R. P. Morgan, and delivered to Palmetto Guano Corporation, plaintiff herein, who is now the owner and holder of same.

(10) On information and belief that the defendants Farmers' Bank & Trust Company, of Union, S. C., H. D. Lee Company, the R. M. Hollingshead Company, the Millwood Bracket Company, the Diamond Rubber Company, the Russell Manufacturing Company, the National Cash Register Company, KeKone Tire Sales Company, Michelin Tire Company, Supply Beddie Hardware Company, B. F. Goodrich Rubber Company, the Swift Paint Company, B. T. Crump Company, the Texas Company, Carolina Auto Supply Company, and R. P. Morgan, assignees, have, or claim to have, some interest in the mortgaged premises by reason of judgments obtained by them against the said W. E. Green.

(11) That upon information and belief the defendant W. E. Green is the owner and holder of 100 shares, more or less, of the capital stock of the Consolidated Ice & Fuel Company, and that said defendant W. E. Green claims to have sold said stock to his wife, Mrs. W. E. Green, but that said alleged sale was without consideration and was

merely a scheme or design on the part of the defendant W. E. Green, in order to prevent the creditors of said W. E. Green from obtaining said stock in order to satisfy their claims.

(12) That the defendant B. B. Going and defendant Hunter S. Harris are officers of the said Consolidated Ice & Fuel Company, and, as such, have control of the books of said corporation.

Wherefore this plaintiff prays judgments as follows:

(1) That the amount due upon said note secured by the mortgage herein set out be ascertained and determined under the direction of this Court, and that it shall have judgment against the defendant W. E. Green for said amount, together with the costs of this action and attorney's fees; that the mortgaged premises be sold under the direction of this Court, with the equity of redemption barred, and out of the proceeds of the sale, after the payment of the costs and expenses of this proceeding, that the plaintiff be paid the amount due upon its note secured by the within mentioned mortgage.

(2) That the alleged sale of the aforesaid stock of the Consolidated Ice & Fuel Company be declared void and of no effect, and that the defendants W. E. Green and Mrs. W. E. Green be enjoined and restrained from selling, transferring, or disposing of said stock, and that the defendants B. B. Going and Hunter S. Harris be enjoined and restrained from transferring the said stock on the books of the Consolidated Ice & Fuel Company; that the restraining orders as above prayed do issue from this honourable Court, to remain in full force and effect until the judgment obtained in this action is fully satisfied, or that the said stock be ordered sold by the Court, and the proceeds applied to satisfy any judgment that may be given in this action in favor of the plaintiff, Palmetto Guano Corporation.

(3) For any other and further relief which to the Court may seem fit.

*Messrs. L. G. Southard* and *S. T. Lanham,* for appellants, cite: *Purpose of and grounds for temporary injunction:* 81 S. C., 188; 62 S. C., 196; 37 S. C., 223; 27 S. C., 408. *Complaint must allege facts showing prima facie case for relief and necessity for injunction:* Code Civ. Pro., 1922, Sec. 482, Sub. 1; 89 S. C., 143; 17 S. C., 417; 14 S. C. Eq., 80; 8 Rich. Eq., 32; 6 S. C. Eq., 304; 1 S. C. Eq., 219; 32 C. J., 320 and 328. *Facts, not conclusions, must be pleaded:* 92 S. C., 418. *Case distinguished:* 70 S. C., 532. *Complaint not verified and fails to state sources of information on which demand for injunction rests:* 125 S. E., 191.

*Messrs. R. B. Herbert, George L. Dial, Jr., and James B. Murphy* for respondents cite: *Complaint for injunction not verified, but accompanied by affidavits:* 37 S. C., 223; 15 S. E., 947. *Case distinguished:* 130 S. C., 18; 125 S. E., 191. *Verification of pleading by officer of corporation:* Code Civ. Pro., 1922, Sec. 418. *Purpose of, and grounds for, temporary injunction:* 32 C. J., 124, 152 and 154. *Award of injunction without notice is matter of discretion:* 32 C. J., 307.

*Mr. J. G. Hughes* for respondent *R. P. Morgan.*

December 9, 1926.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from an order of Judge Sease enjoining and restraining the appellants from collecting the dividends on 140 shares of stock in the Ice & Fuel Company, and directing the same to be paid in the Court *pendente lite.* After the pleadings were made up, upon a rule to show cause his Honor granted an injunction to restrain the appellants from disposing of the said stock. Without any notice to the appellants, he granted the order appealed from. This order

is the only order before the Court to be disposed of. The exceptions raise the following questions:

"(A) That the complaint was improperly verified.

"(B) That the relief granted was not asked for in the complaint. See *Ford v. Calhoun,* 53 S. C., 111; 30 S. E., 830.

"(C) That no notice was given appellants.

"(D) That Circuit Judge Sease erred in granting the temporary injuncton injunction of July 7, 1925, and in refusing to vacate and dissolve that order on October 31, 1925; and that it would have been error in both instances, even if the respondent had filed a properly verified complaint, had asked in the complaint for the relief which was granted, and had given appellant the notice which is required."

The complaint in this case was for foreclosure. It improperly joined another cause of action in the complaint, and upon the complaint with two causes of action improperly joined, the order of injunction forbidding the appellants to dispose of the stock was issued. Section 418, Code of Civil Procedure 1922, prescribes the manner in which a complaint shall be verified as follows:

"When the pleading is verified by any other person than the party, he shall set forth in the affidavit his knowledge, or the grounds of his belief on the subject, and the reasons why it is not made by the party. When a corporation is a party, the verification may be made by any officer thereof."

The exceptions as to the verification of the complaint must be sustained. The words "any officer thereof" cannot have reference to an employee, clerk, agent, or local manager.

The fact that the respondent thinks the land mortgaged will not pay his debt, and that, after the sale, there may be judgment for deficiency, does not entitle them to an injunction as to the stock and dividends. He cannot obtain by injunction something that will tie up

a. man's property. In order to obtain such an injunction as is in this case or any similar case, it would be necessary to make such a showing as would warrant an attachment as provided for in the Code.

His Honor should not have passed the order appealed from without notice to the appellants under Sections 484 and 468, Civil Code of 1922, and Rule 57 of Circuit Court Rules. *Rice v. Mahaffey,* 9 S. S. C., 281.

The order of Judge Sease appealed from is reversed.

Messrs. Justices Cothran, Blease, and Stabler, and Mr. Acting Associate Justice Ramage concur.