## 20964. STEWART *v.* THE STATE.

Decided January 14, 1931.

*Townsend & Ingram,* for plaintiff in error.

*John C. Mitchell, solicitor-general,* contra.

BLOODWORTH, J.   The indictment in this case charges that Frank Stewart "did wilfully, knowingly, absolutely and falsely swear, after a lawful oath had been administered to him, in a matter material to the issue in question, in a judicial proceeding in the superior court of Bartow county, in the case of the State against Bart Black, indicted for possessing intoxicating liquors, which said case was then and there being tried, did wilfully, knowingly, absolutely, and falsely swear as follows : that on the day and at the time Mr. Dent, Mr. Nelson, and Mr. Grizzle raided and searched the premises of Bart Black, that Bart Black had not been at home since the day before, which said matter was material to the question in issue."   The indictment was demurred to on several grounds, one of which was that "the indictment fails to disclose the materiality of the alleged false testimony."   It is well settled by the decisions of the appellate courts of this State that an indictment for perjury should specifically allege how and wherein the testimony upon which the perjury is assigned was material to the issue in the trial in which the alleged false testimony was delivered.   See *Marion* v. *State,* 21 *Ga. App.* 193 (94 S. E. 61), and cit.   It is not apparent from the express averments in the indictment itself or from the allegations therein how or in what manner the testimony of the defendant on trial for perjury, "that on the day and at the time Mr. Dent, Mr. Nelson and Mr. Grizzle raided and searched the premises of Bart Black that Bart Black had not been at home since the day before," was material to the issue.   The indictment failing to show how or in what manner the testimony alleged to be false was in fact material, it is fatally defective, and the ground of demurrer covering this point should have been sustained.   As the

court erred in overruling this ground of the demurrer, the further proceedings were nugatory.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*