26974. HARDEMAN *v.* THE STATE.

DECIDED SEPTEMBER 7, 1938. REHEARING DENIED OCTOBER 10, 1938...

*A. G. Smith,* for plaintiff in error.

*Roy Leathers, solicitor-general,* contra.

GUERRY, J. The plaintiff in error excepted to the overruling of his demurrer to an indictment alleging perjury as follows: "In the name and behalf of the citizens of Georgia, charge and accuse

Tom Hardeman of the county and State aforesaid, with the offense of perjury; for that the said Tom Hardeman, in the county aforesaid, on the 4th day of March in the year of our Lord nineteen hundred and thirty-five, unlawfully and with force and arms, did, after a lawful oath had been administered to him, wilfully, knowingly, absolutely, and falsely swear without the laying the hand on the Holy Evangelist of Almighty God, in a judicial proceeding in DeKalb superior court, said judicial proceeding being the trial of the case of The State *vs.* John Cash upon an indictment charging said John Cash with the offense of making liquor, and said trial being at the December term, 1934, of said court, and said court then and there having jurisdiction to hear and determine the issue in said case, and the testimony of said Tom Hardeman hereinafter set out being in a matter material to the issue and point in question to said judicial proceeding, and said false swearing, wilfully, knowingly, and absolutely done as aforesaid, was in answer to questions propounded to him by Claude C. Smith, solicitor-general of the Stone Mountain judicial circuit, said questions and answers being as follows: Question—'Now, didn't you in the presence of Mr. Jolley, Mr. Anderson, and me, yesterday, tell all three of us that you went down there to that still, and that John Cash and Emsel Cash was there working?' Answer—'No, sir, I don't remember saying nothing like that.' Question—'Did you say it, or not?' Answer—'No, sir.' Question—'And in this court-house, in the jury-room, right over to the right of the judge's stand, that is the room we were in, wasn't it?' Answer—'Yes, sir.' Question—'Didn't you tell Mr. Anderson and me and Mr. Jolley that you went to the still, and that Emsel Cash and John Cash was working there?' Answer—'I didn't say it.' Question—'Didn't you further state to us yesterday in that room, Mr. Anderson, Mr. Jolley, and me, that when you got there the fire was built, that you didn't know who built the fire, but that John and Em. was working there?' Answer—'No, sir, I don't remember anything like that.' Question—'Well, did you, or not?' Answer—'No, sir.' When in truth and fact said accused did say to Claude C. Smith, Mr. Anderson, and Mr. Jolley, in a jury-room in the court-house in Decatur, that he went down there to that still, and that John Cash and Emsel Cash were working there, and that when he got there the fire was built; that he didn't

know who built the fire, but that John and Em. were working there. Said false swearing done as aforesaid being then and there contrary to the laws of said State, the good order, peace, and dignity thereof."

We shall discuss only the fourth and fifth grounds of demurrer, which are as follows: "Defendant further demurs upon the ground that the evidence under which the perjury is alleged to have been committed was not material to the point in question; neither was it a collateral issue; in that statements were not made at a judicial hearing, or any signed affidavit, nor under oath, . . for that it does not appear from the recitals in the indictment how and in what manner the testimony alleged to be false was in fact material in the trial of the issue when such testimony was delivered." It is not essential that the fact sworn to should be material to the main issue, but it is sufficient if it relates to an issue which is only collaterally involved. *Wilson* v. *State,* 115 *Ga.* 207 (41 S. E. 696). "It is essential to an indictment for perjury that the materiality of the testimony which it alleges to be false should appear from the indictment." *Herndon* v. *State,* 17 *Ga. App.* 558 (87 S. E. 812), and cit. We think it apparent from the indictment that the defendant, under oath in a judicial proceeding in the trial of a case against John Cash, charged with making whisky, did, in answer to a question by the solicitor-general, deny that he had made certain answers to questions propounded to him by the solicitor-general. If, as a matter of fact, he did make such answers, and he denied under oath that he had made such statements, they were collaterally admissible for impeachment purposes, if for no other. It appears, however, that they were in respect to statements connecting the defendant then on trial with the operation of a still, and as such they were material. An indictment need not argue the materiality of alleged false testimony. Its materiality is alleged; and if it can readily be determined from such evidence that it is or would be material to the question at issue, the indictment is sufficient to withstand demurrer.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*