**James JOYNER, Plaintiff,**

v.

**D. KIRKLAND HIDE COMPANY, Defendant.**

**Sylvester HOWARD, Plaintiff,**

v.

**D. KIRKLAND HIDE COMPANY, Defendant.**

**Malcolm Ray COLEMAN, Plaintiff,**

v.

**D. KIRKLAND HIDE COMPANY, Defendant.**

**Nos. AC-721-722-723.**

United States District Court E. D. South Carolina, Columbia Division.

Nov. 27, 1962.

H. V. Sandifer, Phillip K. Wingard, Lexington, S. C., for plaintiffs.

Ellison D. Smith, Jr., Thomas Kemmerlin, Jr., Columbia, S. C., for defendant.

WYCHE, District Judge (sitting by designation).

The above actions were brought to recover from the defendant unpaid minimum wages, liquidated damages, and attorneys' fees, pursuant to Section 16(b) of the Fair Labor Standards Act of 1938 (29 U.S.C.A. § 201 et seq.).

The defendant is not a corporation or a partnership. Deppish Kirkland, Jr. is a citizen and resident of Savannah, Georgia, and does business under the name of D. Kirkland Hide Company. He has several branches of his business, one of which is at Lexington, South Carolina. He is the sole owner of D. Kirkland Hide Company; he has a salaried employee B. L. Douglas, who in addition to doing physical work at the Lexington branch, serves as Manager of the Lexington plant.

Service of process was made in these cases by leaving a copy of the summons and complaint in each action with B. L. Douglas, Manager, at the Lexington plant.

The answers of the defendant allege that "This Court has no jurisdiction over the Defendant for the reason that D. Kirkland Hide Company is a sole proprietorship owned by Deppish Kirkland, with its principle place of business in Savannah, Georga, and service of process was insufficient in that the Summons and Complaint in this action were served upon only B. L. Douglas, who is just the manager of an office and plant in Lexington County, South Carolina, and the said B. L. Douglas is not authorized as agent in any way for the acceptance of process within the State of South Carolina."

At a pre-trial conference it was agreed that I should determine the validity of this defense before the trial.

Counsel for plaintiffs contend (a) that the service of process was effective and (b) if such service was not effective, defendant had waived its objection by asserting its defense by answer.

Rule 4(d) (1) and (7), Rules of Civil Procedure, provides: "(d) Summons; Personal Service. The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows: (1) Upon an individual other than an infant or an incompetent person, by delivering a copy of the summons and of the complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process. * * * (7) Upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule, it is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the service is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state."

Section 10-438, Code of Laws of South Carolina, 1952, provides: "In all cases other than those hereinbefore mentioned the summons shall be served by delivering a copy thereof to the defendant personally or to any person of discretion residing at the residence or employed at the place of business of the defendant."

Construing substantially the same statute Chief Justice McIver in the case of Ford v. Calhoun, 53 S.C. 106, 30 S.E. 830, had this to say: "Again, the Code, in section 155, after providing in subdivision 1 how service may be made on corporations, both domestic and foreign, in order to bring them before the court, and in subdivision 2 how minors may be served, and in subdivision 3 how persons of unsound mind may be served, proceeds, in subdivision 4, as follows: 'In all other cases to the defendant personally, or to any person of discretion, residing at the residence or employed at the place of business of said defendant.' Here, again, there is no exception. The language is, 'In all other cases;' that is to say, all cases except corporations, minors, and persons of unsound mind, which had been previously provided for. This language certainly includes nonresidents as well as residents of this state. Besides this explicit statutory provision, the reason of the thing supports our

view. The object of the service of any legal process is to notify the party served of the proceeding against him, and to obtain jurisdiction of his person; and both of these objects are attained when a person, whether a nonresident or a resident of this state, has been personally served within the jurisdiction of the court where such proceeding is pending."

In my opinion the same convincing reasoning applied by Chief Justice Stone in the case of International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, and by Judge Haynsworth in the case of Shealy v. Challenger Manufacturing Company, 4 Cir., 304 F.2d 102 with reference to foreign corporations doing business in a state and with reference to service of process, should be applied with equal force to a non-resident individual doing business in a state and with reference to service of process. Therefore, to the extent that an individual exercises the privileges of conducting activities within a state, he enjoys the benefits and protection of the laws of that state. The exercise of that privilege may give rise to obligations, and, so far as those obligations arise out of or are connected with the activities within the state, a procedure which requires the individual to respond to a suit brought to enforce them can, in most instances, "hardly be said to be undue". The defendant admits that he is engaged in business in this State and operates his business at Lexington, South Carolina, in the Eastern District of South Carolina, in the course of which the individual defendant receives the benefits and protection of the laws of the State of South Carolina, including the right to resort to the courts for the enforcement of his rights. The obligation which is here sued upon arose out of those very activities of his business at the Lexington plant in South Carolina. It is my opinion that these operations establish sufficient contacts or ties with the State of South Carolina, to make it reasonable and just, according to our traditional conception of fair play and substantial justice, to permit the State to enforce the obliga-

tions which the individual defendant has incurred here. I cannot say that the maintenance of the above stated actions in the State of South Carolina, involve an unreasonable or undue procedure, nor can I say that the service of process within the State of South Carolina upon the agent whose activities establish defendant's "presence" in this State was not sufficient notice of the suit, or that the suit was so unrelated to those activities as to make the agent an inappropriate vehicle for communicating the notice. See, Internat. Shoe Co. v. Washington, 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95; Shealy v. Challenger Manufacturing Company (C.A. 4), 304 F.2d 102 (1962).

For the foregoing reasons, it is my opinion that the Seventh Defense of the defendant in his answers in the above cases challenging the jurisdiction of this court and the sufficiency of the service of process be and the same is hereby dismissed.